# Farmers Savings, Building & Loan Association *v.* Greenwood *et al.*

*Statutory Action of Ejectment.*

1. *Acknowledgment of conveyance to corporation; disqualification of notary public; conveyance not invalid on collateral attack.*—While a notary public who is a stockholder and officer of a corporation, has such interest in the conveyance as disqualifies him from conducting the separate examination and acknowledgment of the wife of the grantor to a mortgage of a homestead to said corporation, such incompetency of the notary, before whom the acknowledgment was made and who certified it, renders the instrument invalid only upon direct attack, and not when collaterally assailed; and, therefore, in an action of ejectment where the claim to the property sued for is based upon such conveyance, its invalidity, by reason of the notary's incapacity, can not be shown by extrinsic parol proof, and if the mortgage is otherwise valid, the plaintiff in the absence of other evidence, is entitled to recover.

APPEAL from the Circuit Court of Marshall.
Tried before the Hon. J. A. BILBRO.
This was a statutory action of ejectment brought by

17c

the appellant against J. H. Greenwood and his wife Mollie Greenwood, to recover possession of certain real estate specifically described in the complaint. The plaintiff asserted title to the property sued for by virtue of a mortgage theretofore executed to it by the defendants in which they conveyed the property here sued for. The property so conveyed in the mortgage and sued for in the present suit was, at the time of the execution of the mortgage, owned and occupied by said J. H. Greenwood and his wife and family as a homestead. It was shown that said mortgage had been foreclosed and the plaintiff became the purchaser at said sale and a deed had been regularly executed to it.

Against the objection and exception of the plaintiff, the defendants proved that the separate acknowledgement of the wife to the mortgage was taken before a magistrate who was a member and stockholder of the mortgagee association.

Upon the introduction of all the evidence the court at the request of the defendants gave the general affirmative charge in their favor. To the giving of this charge the plaintiffs duly excepted, and also excepted to the court's refusal to give the general affirmative charge requested by it.

There were verdict and judgment for the defendants. The plaintiff appeals and assigns as error the rulings of the court upon the evidence, the giving of the general affirmative charge requested by the defendants, and the refusal to give the general affirmative charge requested by the plaintiff.

LAWRENCE COOPER and O. D. STREET, for appellant. cited *Monroe v. Arthur*, 126 Ala. 362.

JOHN G. WINSTON and LOMAX, CRUM & WEIL, *contra.*—The acknowledgement of a deed of trust, or mortgage taken by the trustee, or one beneficially interested in the trust, is void, and the instrument will be treated as an unacknowledged instrument.—*Rothschild v. Dougher*, 16 L. R. A., 719 and cases cited in note; *Wil-*

[Farmers Savings, Building & Loan Association v. Greenwood, et al.]

lis v. Wood, 28 Kan. 400; Hogans v. Carruth, 18 Fla. 587; Beaman v. Whitney, 20 Me. 413; Groesbeck v. Seely, 13 Mich. 329; LaPrad v. Sherwood, 79 Mich. 520; Greene v. Abraham, 43 Ark. 420; Richardson v. Woodstock Iron Co., 90 Ala. 266; Ibid, 94 Ala. 629; Hodges v. Winston, 95 Ala. 514; Parks v. Barnett, 104 Ala. 438; Hayes v. Loan Ass'n., 124 Ala. 663.

DOWDELL, J.—There is no distinction in principle between this case and that of Monroe v. Arthur, 126 Ala. 362. In that case we held that the deed was not void on its fact, but only because of extrinsic facts resting in parol. The same is true here. It was there further said by this court speaking through McCLELLAN, C. J.: "These extrinsic facts did not involve any matter for which the execution of the paper could be assailed collaterally, as a mere incident to a proceeding prosecuted for a purpose other than the cancellation of the instrument. In such cases the infirmities inhering in the execution of the mortgage can be shown only upon a direct attack upon its validity, by which is intended some proceeding begun and prosecuted for the express purpose of having the conveyance adjudged void and cancelled, as, for instance, a bill in chancery setting up the facts as to the notary's incapacity, and praying that the alleged deed be decreed to be surrendered up and cancelled, etc., and until cancellation is decreed in such, or other direct proceedings, the conveyance will be treated by all courts as valid and efficacious." The appellee here insists upon a reconsideration by this court of the rule above laid down, and a departure from what was decided in that case. We are quite clear as to the correctness of the law there declared and adhere to what was there decided. The trial court erred in refusing the general charge for the plaintiff, and in giving it for the defendants, and on the authority of Monroe v. Arthur, supra, the judgment appealed from will be reversed and the cause remanded.

Reversed and remanded.