## TATUM V. GOFORTH.

1.   DEED : ACKNOWLEDGMENT.   A grantee is not bound to accept from his

grantor a deed purporting to have been, but which in fact never was, acknowledged.

2. SAME: EVIDENCE.  In an action by a grantor against his grantee for the value of real estate sold, parol evidence is admisible to show that a deed tendered by the plaintiff to the defendant, which purports to have been duly acknowledged, was not so acknowledged, and that the defect was known to defendant when he refused to accept the deed tendered.

### Appeal from Bremer District Court.

### THURSDAY, OCTOBER 13.

Plaintiff's claim, in part, is for the value of a town lot sold to defendant, and for which he avers he tendered a deed according to his contract.  Defendant admits the contract and denies the tender.  On the trial, plaintiff offered in evidence a deed properly signed, and upon the face of it properly acknowledged.  Defendant offered the justice, before whom deed purported to be acknowledged, and proposed to prove by him, that said deed never was acknowledged.  Witness testified that the wife of the grantor never did acknowledge said deed.  This testimony was objected to by plaintiff, and the objection overruled.  It was also shown that this fact was known to defendant and that he therefore refused to accept the deed when tendered.  Judgment for defendant and plaintiff appeals.

*B. W. Poor* and *S. P. Adams*, for the appellant.

No appearance for the appellee.

WRIGHT, C. J.—The District Court did not err in admitting this testimony.  The question is not whether it would be competent to impeach or contradict the acknowledgment by parol, after the deed had been delivered and accepted as a full and sufficient title.  Before its delivery, defendant had knowledge of the defect and refused to accept it.  If it never was acknowledged, he was not bound to receive it, though it purported to be.

By section 1230 of the Code, it is provided that: "neither the certificate, nor the record, nor the transcript thereof is conclusive evidence of the facts therein contained." In *O'Ferrall* v. *Sinplot*, 4 Iowa 381, in speaking of this section, it is said: "this right exists, for instance, when fraud is supposed in obtaining the acknowledgment, or when the cerficate is alleged to be false, and it is proposed to show that the deed never was acknowledged. And other cases may exist." This view of the statute goes much farther than is necessary to sustain the ruling in the case at bar, and must be regarded as conclusive. 4 John. 161, *Jackson* v. *Schoonmaker*; *Landor* v. *Blythe*, 16 Penn. 532.

The only other error assigned, relates to an instruction given by the court. To this a sufficient answer is that no exception was taken to the instruction at the time. The case is quite like those of *Rollins* v. *Tucker*, 3 Iowa 213. And *McKell* v. *Wright, Evans & Co.*, 4 Ib. 504; *Whitney* v. *Olmstead*, 5 Ib. 373.

Judgment affirmed.