# American Freehold Land Mortgage Co. v. Thornton *et al.*

*Bill in Equity to Foreclose Mortgage.*

1. *Acknowledgment of execution of mortgage; impeachment.*—Where a notary public brings a mortgage to the residence of the mortgagors for the purpose of having it properly executed, and it is there signed by the mortgagor and his wife in his presence, the notary's certificate of the acknowledgment of the husband and the separate acknowledgment of the wife are not open to impeachment by parol evidence, no fraud or duress having been shown.

2. *Husband and wife; use by husband of money loaned wife.*—That money loaned both husband and wife, secured by mortgage on the land of both, is paid to the husband, presumably with the wife's consent, and is in greater part squandered by him and in other and small part expended by him in the payment of debts he owed—dispositions with which the mortgagee had no connection, and which are chargable solely to the wife's complaisance—is of no consequence; she can not claim immunity of her land merely because she allowed her husband to receive the whole fund, acting, as he did, for himself and as her agent, and to divert or convert her share of it, the mortgagee having no notice of its contemplated, or even consummated misapplication.

APPEAL from Dale Chancery Court.

Tried before Hon. JERE N. WILLIAMS.

The bill in this case was filed by the American Freehold Land Mortgage Co. against the appellees, W. G. Thornton and M. J. Thornton, his wife, and the Loan Co. of Ala., and sought the foreclosure of a mortgage

upon certain lands in Dale county, alleged to have been executed to it by the said W. G. and M. J. Thornton on January 31st, 1891, and which purported to have been regularly acknowledged by the mortgagors.    The bill alleged that the Loan Co. of Ala. were the holders of a second mortgage upon the lands described in the bill. That defendant admitted the allegations of the bill, and, by cross bill, prayed the subjection to its lien of any surplus arising out of a sale under the mortgage of the com-complainant.    The defendant, M. J. Thornton, answering the original bill, and the cross bill of the Loan Co. of Ala.; alleged that she was induced through fear and by the threats of her husband to sign both the mortgages, and denied that she made either the acknowledgment of execution, or the separate homestead acknowledgment which were attached to the mortgages. On the contrary, her answer alleged that the officer making the certificates of acknowledgment, was an agent of the complainant, and acted in concert with her husband to perpetrate a fraud upon her, intending to use the money realized from the mortgage "to buy what is known as Green Goods." Also that she never received any part of the money, nor had she authorized her husband, or any one else to receive it for her.    She further alleged that a part of the land embraced in the mortgages was her statutory separate estate, the balance being the homestead of her husband, and that she had never made application for a loan, and that it was a debt of her husband only.    W. G. Thornton, in his answer, made substantially the same allegations, except that in reference to a perpetration of a fraud upon the wife, or the use of threats against her. They both asked that their answers be treated as cross bills, and that the mortgages be declared void, and be cancelled.

On the hearing of the cause, it was shown that a written application for the loan of the money had been made by both W. G. and M. J. Thornton, and they had executed a contract with the Loan Co. of Ala. by which they employed it to negotiate the loan, and in which they designated J. W. V. Manghen as their agent to receive and deliver the money to them.    The mortgages were shown to have been signed by both husband and wife in the presence of two witnesses, and the certificates of acknowledgment, made by Manghen, a notary public, were

in due form as required for certificates of conveyances of the homestead of the husband, and it was shown that they were taken by the husband and the notary, to the home of the wife, for the purpose of having them executed by her, and she signed in their piesence.

The defendants, and one of the subscribing witnesses, gave testimony tending to show that the wife had not acknowledged the execution before the notary, nor had she been examined by him separate and apart from the husband. It was shown that the husband received and appropriated all the money to his own use.

The chancellor decreed that the mortgages to the complainant and to the Loan Co. of Ala. were null and void, and ordered them cancelled, from which decree, this appeal was taken by the complainant.

M. E. MILLIGAN and PETTUS & PETTUS, for appellant. M. J. Thornton having appeared before the notary, the certificate of that officer is conclusive, and can not be controverted.—*Grider v. Mortgage Co.*,99 Ala. 319.

If the certificates were not in law, conclusive evidence of the facts therein stated, still in this case, the evidence is not sufficient to disprove the certificate.—*Grider v. Mortgage Co., supra; Young v. Duval*, 109 U. S. 573.

The recitals of the mortgage shows that the debt secured was that of the wife as well as of the husband, and after the execution of that instrument to a *bona fide* purchaser for value without notice, the wife is estopped to say that it was not her debt.

The evidence fails to show that the appellant had any notice that the money was to be used for the purposes of the husband, and hence such use by him is no defense to this bill.—18 S. E. Rep., 56 ; 14 S. E. Rep., 486 ; 35 N. E. Rep., 1 ; 27 Atl. Rep., 920 ; 17 S. E. Rep., 832.

M. SOLLIE, *contra*, cited *Grider v. Mortgage Co.*, 99 Ala. 319.

McCLELLAN, J.—The mortgages of The American Freehold Land Mortgage Company, and The Loan Company of Alabama, involved in this case, each embracing along with other land, the homestead of the mortgagors, were confessedly signed by Thornton and his wife in the presence of Manghen, the notary public

who brought them to the residence of the mortgagors for the purpose of having them properly executed. On these facts—the presence of the officer for the purpose stated, the presence of the instruments themselves, the presence of the grantors for said purposes and the signing of the papers then and there by them—the notary's certificates of acknowledgment of the husband and the separate acknowledgment of the wife are not open to impeachment by parol evidence, no fraud or duress having been shown.—*American Freehold Land Mortgage Co. v. James, et al.* 105 Ala. 347; *Jinwright v. Nelson,* 105 Ala. 399; *Grider v. Mortgage Co.* 99 Ala. 319.

The further attack upon these mortgages, in so far as they cover certain lands which belonged to Mrs. Thornton, which proceeds on the theory of their invalidity to that extent because, as is insisted, the transaction involved the application of her property to the payment of her husband's debts, is equally untenable. The debts secured by the mortgages were the debts of both husband and wife for money then loaned to them and for services then rendered to them jointly. That the money loaned to them was paid to the husband for himself and wife, presumably with the latter's consent, and was in greater part squandered by him and in other and small part incidentally expended by him in the payment of debts which he owed—dispositions with which the complainant Mortgage Co. had no connection, and which are chargeable solely to the wife's complaisance—is of no consequence; she cannot now claim immunity of her land merely because she allowed her husband to receive the whole fund, acting, as he did, for himself and as her agent, and to divert or convert her share of it, the mortgagors having no notice of its contemplated, or even consummated misapplication.

The chancellor held the mortgages void. That was error. The decree must be reversed; and it will be here decreed that the complainant is entitled to the relief prayed in the bill, that the Alabama Loan Co. is entitled to the relief prayed in its cross bill and that the register will take and state an account of the amount, principal and interest, due on the mortgages of said complainant and cross complainant, and make report of his proceedings hereunder to the next term of the

chancery court of Dale county, to the end that said mortgages may be foreclosed by the proper order of said court, and for such purpose this cause is remanded thereto.