[Monroe v. Arthur.]

# Monroe *v.* Arthur.

## *Statutory Action of Ejectment.*

1. *Acknowledgment of conveyance to corporation; disqualification of notary public; conveyance not invalid on collateral attack.*—While a notary public who is a stockholder and officer of a corporation, has such interest in the conveyance as disqualifies him from conducting the separate examination and acknowledgment of the wife of the grantor to a mortgage of a homestead to said corporation, such incompetency of the notary, before whom the acknowledgment was made and who certified it, renders the instrument invalid only upon direct attack, and not when collaterally assailed; and in an action of ejectment, where the claim to the property sued for is based upon such conveyance, its invalidity, by reason of the notary's incapacity, can not be shown by extrinsic parol proof, and if valid on its face, such conveyance is admissible in evidence.

APPEAL from the Circuit Court of Jefferson.

Tried before the Hon. A. A. COLEMAN.

This is a statutory real action in the nature of ejectment, brought by the appellee, John Arthur, against the appellant, Arthur Monroe, to recover certain lands specifically described in the complaint. The cause was tried by the court without a jury, upon an agreed statement of facts. The facts of the case necessary to an understanding of the decision on the present appeal are sufficiently stated in the opinion. From a judgment in favor of the plaintiff, the defendant appeals, and assigns as error the rulings of the trial court upon the evidence and the rendition of judgment in favor of the plaintiff.

E. J. SMYER, for appellant.—In the case at bar, the action being in statutory ejectment, the acknowledgement being valid on its face, parol proof was not admissible to show that the officer taking the acknowledgement was interested and disqualified to act; such

[Monroe v. Arthur.]

proof being a collateral attack upon an acknowledge-
ment valid upon its face.

The defendant being a purchaser for value of the
property in question, as a party purchasing property
he had a right to rely upon the validity of the con-
veyances in the chain of title, which are valid and
regular upon their face; and the acknowledgements to
the mortgage being valid upon their face, he had the
right to assume that the officer was not disqualified,
and will be protected.

This court has in a number of cases held that an ac-
knowledgement is not open to impeachment by parole
evidence, save and except on the ground of fraud or
duress.—*Amer. F. L. M. Co. v. Thornton*, 108 Ala. 258;
*Read v. Rowan*, 107 Ala. 370; *Thompson v. New Eng.
M. Co.*, 110 Ala. 408; *Grider v. Amer. F. L. M. Co.*, 99
Ala. 281; *Giddens v. Bolling*, 99 Ala. 319; *Cahill v. B. &
L. Asso.*, 61 Ala. 232.

CHARLES E. POWELL, *contra*, cited *Hayes v. B. &
L. Asso.*, 124 Ala. 663; *Kothe v. Krag Reynolds Co.*,
50 N. E. Rep. 594; *Wilson v. Traer*, 20 Iowa, 231;
*Smith v. Clark*, 69 N. W. 1011; *Miles v. Kelley*, 40 S.
W. 599; *Bank v. Rivers*, 36 Fla. 575.

McCLELLAN, C. J.—This is a statutory real ac-
tion prosecuted by Arthur against Monroe. Defend-
ant claimed title under a mortgage purporting to have
been executed by plaintiff and his wife to Pratt Mines
Building and Loan Association. The land at the time
this paper was signed, acknowledged and delivered,
constituted Arthur's homestead. The separate ac-
knowledgement by Mrs. Arthur of her signature, etc.,
etc., to the conveyance was taken by T. H. Moore, a
notary public, who was then a stockholder in and the
secretary and treasurer of the grantee corporation. At
the trial the court held that this mortgage was invalid
for that the separate acknowledgement of the wife was
made before and taken by a person having such inter-
est in the conveyance as disqualified him to perform
and discharge the judicial act he assumed to perform
and discharge, and excluded the instrument as evi-

[Monroe v. Arthur.]

dence in the cause; and thereupon plaintiff had judgment.

That the conveyance is invalid and to be so declared upon proper attack has been determined by this court in the case of *Hayes v. Building & Loan Association,* 124 Ala. 663; and the only question now presented is whether it should have been held void upon the *collateral* attack made on it in this action. We do not think it should have been so held. The deed was not void on its face, but only because of extrinsic facts resting in parol. These extrinsic facts did not involve any matter for which the execution of the paper could be assailed collaterally, as a mere incident to a proceeding prosecuted for a purpose other than the cancellation of the instrument. In such case the infirmities inhering in the execution of the mortgage can be shown only upon a direct attack on its validity, by which is intended some proceeding begun and prosecuted for the express purpose of having the conveyance adjudged void and cancelled, as, for instance, a bill in chancery setting up the facts as to the notary's incapacity, and praying that the alleged deed be decreed to be surrendered up and cancelled, etc., etc., and until cancellation is decreed in such, or other *direct* proceedings, the conveyance will be treated by all courts, as valid and efficacious.

For the error committed by the circuit court in determining the invalidity of this mortgage upon an objection to it as evidence in this action for the recovery of the land, the judgment must be reversed. The cause is remanded.

Reversed and remanded.