# Chattanooga National B. & L. Association *v.* Vaught.

*Statutory Action in the Nature of Ejectment.*

1. *Homestead; certificate of acknowledgment in conveyance of homestead; when void and assailable.*—In the conveyance of a homestead, if there was no examination of the wife, and no

acknowledgment by her, before the officer making the certificate of examination and acknowledgment, then such certificate is absolutely void, and may be collaterally assailed.

2 *Same; same; evidence of falsity, when admissible.*—Evidence tending to show that such certificate is false, and that no examination and acknowledgment by the wife was ever had, is admissible in an action for the possession of the land constituting the homestead, the right to recover being based on a mortgage to which such certificate was attached.

APPEAL from the Circuit Court of Jackson.

Tried before the Hon. JNO. A. BILBRO.

This was a statutory action in the nature of ejectment. The facts of the case are sufficiently stated in the opinion.

J. E. BROWN and JOHN F. PROCTOR, for appellant, cited.—*Monroe v. Arthur*, 126 Ala. 362; *Fearne v. Beirne*, 129 Ala. 435.

VIRGIL BOULDIN, *contra*.—*Grider v. Mortgage Co.*, 99 Ala. 281; *Giddens v. Bolling*, 99 Ala. 319; *Mortgage Co. v. James*, 105 Ala. 347; *Mortgage Co. v. Peeples*, 102 Ala. 399; *Mortgage Co. v. Payne*, 107 Ala. 578; *McLendon v. Mortgage Co.*, 119 Ala. 518; *Chaney v. Nathan*, 110 Ala. 254.

DOWDELL, J.—This is a statutory action in the nature of ejectment. The defendant's plea was not guilty.

The plaintiff's right to recovery was based on a mortgage, purporting to have been executed by the defendant and his wife. The land conveyed in the mortgage constituted the homestead of the defendant.

The defendant offered evidence tending to show that the certificate of the wife's examination and acknowledgment was false, and that, in fact, no examination of, and acknowledgment by, the wife, as certified to, was ever had. The plaintiff offered evidence in rebuttal of this. This being the only defense, the plaintiff requested in writing the general affirmative charge, which the court refused.

If, in fact, there was no examination of the wife, and no acknowledgment by her, before the officer making the certificate of examination and acknowledgment, then such certificate is absolutely void for want of authority in law to make it; in other words, the officer was without jurisdiction to make the certificate. And this differentiates the present case from that line of cases, beginning with *Monroe v. Arthur,* 126 Ala. 362, where the invalidity of the instrument was based on a disqualifying interest in the officer taking the acknowledgment. We held that the act of an officer in taking such acknowledgment is in its nature a judicial act. The rule is, that a judgment, rendered by a court having jurisdiction of the person and the subject-matter, is not open to collateral attack, though such judgment may, for extrinsic cause or reason, be declared void on direct proceedings. But the rule is different where the judgment is void for want of jurisdiction, whether of the person or subject-matter, in the court rendering it, and in which case it may be collaterally assailed.—*Watts v. Frazer,* 80 Ala. 186; *Mortgage Co. v. Peebles,* 102 Ala. 241; *Mortgage Co. v. Payne,* 107 Ala. 578; Am. & Eng. Ency. Law, (2nd ed.) Vol. 17, p. 1046.

In *Monroe v. Arthur, supra,* the officer taking the acknowledgment had jurisdiction of the general subject, so to speak, and of the person, whose acknowledgment was taken, and the certificate, which in all other respects was regular, being invalid for extrinsic reasons, like a judgment of a court under the same conditions and circumstances, was unassailable except on direct attack.

It was competent for the defendant to show, by parol evidence. the falsity of the certificate, as was done in this case, and, with this evidence in, the court very properly refused the affirmative charge requested by the plaintiff

The judgment of the circuit court is affirmed.

McClellan, C. J., Haralson and Denson, J. J., concurring.