# Davis, *et al. v.* Gerson, *et al.*

*Bill to Declare an Absolute Deed a Mortgage, and to Have Been Obtained by Fraud.*

(Decided Dec. 19, 1907.   45 South. 587.)

1. *Acknowledgment; Taking and Certifying; Time.*—An acknowledgment is not void because not certified at the very time the execution is made.

2. *Same; Construction.*—Certificates of acknowledgment should be liberally construed and held sufficient if it fairly appears that there has been a substantial compliance with the statute.

APPEAL from Montgomery City Court.

Heard before Hon. A. D. SAYRE.

Bill by Edmund Davis and another against Samuel Gerson and another to declare a deed absolute in form a mortgage, or to declare the absolute deed relinquishing the equity of redemption to have been obtained by the mortgagee by fraud and oppression, and to redeem the land thereunder. From a judgment denying the relief prayed, and dismissing the bill, complainants appeal. Affirmed.

GUNTER & GUNTER, for appellant. The law in this case is aptly stated in the case of *Villa v. Rodriguez*, 12 Wall. 323. This principle is universal.—*Woodruff v. Adair*, 9 A. & E. Equity Cases, 671; 3 Pom. Eq. Jur. secs. 1193 to 1196 and note; *Russell v. Southard*, 12 How. 136; *Thompson v. Lee*, 31 Ala. 292; *Locke v. Palmer*, 26 Ala. 324; *Noble v. Graham*, 140 Ala. 413. Counsel discuss at some length the burden of proof and as to what determines the nature of the transaction, but as this is not discussed in the opinion it will not be abstracted.

STEINER, CRUM & WEIL, for appellee. Counsel discuss all phases of the case and cite authorities.

ANDERSON, J.—It is needless for us to determine upon whom lies the burden of proof in this cause, as the evidence is conclusive that the deed was absolute, and not intended as a mortgage, and that it was not fraudulently obtained.

The acknowledgement of Francis Davis was not void because of a discrepancy between the dates, as to when she was examined when the certificate was signed by the officer. We do not understand that an acknowledgment is void because the certificate is not signed at the very time the execution is made. Moreover, the proof shows that the wife was examined on the 7th, the date of the certificate, and that the "2d" was inadvertently left at the top. The certificate of acknowledgement should be liberally construed, and it is sufficient if it fairly appears that there has been a substantial compliance with the statute.—*Sharpe v. Orme,* 61 Ala. 263; *Scott v. Simmons,* 70 Ala. 352; *Frederick v. Wilcox,* 119 Ala. 355, 24 South. 582, 72 Am. St. Rep. 925.

The decree of the city court is affirmed.

TYSON, C. J., and DOWDELL and McCLELLAN, JJ., concur.

