# CASES

## IN THE

# SUPREME COURT OF ALABAMA

---

### NOVEMBER TERM 1910-1911

---

## Parrish *v.* Russell.

### *Ejectment.*

(Decided Feb. 2, 1911. Rehearing denied May 5, 1911.
55 South. 140.)

*Deeds; Acknowledgment; Impeachment; Married Woman.*—
Where the presence of the notary, the grantors in the deed, and the
signing of the deed by the grantors before the notary is shown, in
the absence of fraud or duress, the certificate of the notary of the
separate acknowledgment of the deed by the wife cannot be im-
peached by parol.

APPEAL from Coffee Circuit Court.

Heard before Hon. H. A. PEARCE.

Ejectment by C. T. Russell against S. F. Parrish.
Judgment for plaintiff and defendant appeals. Af-
firmed.

The certificate that is attacked is appended to a mort-
gage executed by Parrish and wife to Russell, and
seems to be in proper form. The defendant offered to
prove that there was no separate acknowledgment
taken, but that the husband and wife were standing to-
gether at the time of taking the acknowledgment, which
the court declined to permit him to do.

J. A. CARNLEY, for appellant. The court should have
permitted the defendant to prove that the certificate
of the notary as to the separate examination of the wife

1—172

was false and that there. was in fact, no such separate examination.—*Chattanooga N. B. & L. Assn. v. Vaught,* 143 Ala. 389; *Russell, et al. v. Holman,* 156 Ala. 436. Parol testimony may be introduced to show that the notary did not have jurisdiction although the acknowledgment recites the jurisdictional facts. In the absence of jurisdiction it may be assailed collaterally.—*Watts v. Frazer,* 80 Ala. 186; *E. A. L. M. Co. v. Peters,* 102 Ala. 241; *N. E. M. S. Co. v. Payne,* 117 Ala. 578; *Russell v. Holman, supra.* The provision of the statute that such acknowledgment shall be separate and apart from the husband is mandatory.—*Cox. v. Holcomb,* 87 Ala. 589; *Grider v. A. F. M. Co.,* 99 Ala. 281; 1 Cyc. 568; 110 Ala. 254, and authorities supra. The mortgage being an attempt to convey the homestead and not having been properly executed, was a nullity, and the foreclosure deed under power of sale was consequently void.— *Marks v. Wilson,* 115 Ala. 561; *McGhee v. Wilson,* 111 Ala. 615.

JOHN H. WILKERSON, and CLAUD RILEY, for appellee. The court properly denied the admission of evidence showing that the acknowledgment of the wife was not taken separate and apart from the husband. No fraud or duress is attempted to be shown, and it appears that the notary, the grantors, the deed, were all together, and that the deed was signed by the grantors.—*Grider v. A. F. L. M. Co.,* 99 Ala. 281; *A. F. L. M. Co. v. Thornton,* 108 Ala. 258; *Read v. Rowland* ,107 Ala. 366.

DOWDELL, C. J.—In the case of *Chattanooga National B. & L. Association v. Vaught,* 143 Ala. 389, 39 South, 215, relied on as an authority in the case at bar by the appellant, the wife whose separate acknowledgment was certified to by the officer, was, as the evidence

in that case tended to show, never personally present before the officer, and hence an element of jurisdiction was lacking, viz., the personal appearance of the wife before the officer. While the facts of that case are not reported in the published volumes, a reference to the original record shows the facts as above stated; besides we think the discussion in the opinion of that case of the question involved very clearly indicates what the facts were. In the case before us the evidence shows without dispute that in the taking the wife's separate acknowledgment the jurisdictional facts existed. As was said in *Freehold Land & Mortgage Co. v. Thornton*, 108 Ala. 258, 19 South. 529, 54 Am. St. Rep. 148; "On these facts, viz., the presence of the officer for the purpose stated, the presence of the instruments themselves, the presence of the grantors for said purposes, and the signing of the papers then and there by them, the notary's certificate of the acknowledgment of the husband and the separate acknowledgment of the wife are not open to impeachment by parol evidence; no fraud or duress being shown." The rule here stated, following what was laid down in *Grider v. Mortgage Co.*, 99 Ala. 281, 12 South, 775, 42 Am. St. Rep. 58, has never been departed from in this court. There is no conflict in principle between these cases and the *Vaught Case, supra*, and *Russell v. Holman*, 156 Ala. 436, 47 South. 205. The principle laid down in the last two mentioned cases is nothing more than a judgment rendered without jurisdiction of the person may be collaterally assailed.

We find no error in the record and the judgment is affirmed.

Affirmed.

SIMPSON, McCLELLAN, and MAYFIELD, JJ., concur.