# Qualls *v.* Qualls.

### Ejectment.

(Decided May 18, 1916.   72 South. 76.)

1. **Witnesses; Impeachment; Predicate.**—Where defendant relied upon a deed from plaintiff which plaintiff claimed was forged, it was proper as laying a predicate for impeachment for defendant to inquire of plaintiff if she had not told a third person that she had deeded the land to defendant.

2. **Appeal and Error; Harmless Error; Evidence.**—Any error in not permitting the question, was harmless where the expected answer thereto was subsequently allowed in evidence.

3. **Evidence; Opinion; Handwriting.**—Where the action was ejectment and was defended on the theory that plaintiff had executed to defendant a deed to the land, which the plaintiff asserted was forged, it was not error to refuse to allow defendant to prove the genuineness of the signature to other papers by a witness to the deed, for the purpose of laying a predicate for the introduction of expert testimony, it not appearing that the other papers were material to the controversy, or that they were in evidence.

4. **Acknowledgment; Effect; Conclusiveness.**—The question of whether an instrument is valid as respects the competency of the officer taking the acknowledgment must be raised by direct proceedings and not by collateral attack.

5. **Same.**—Where the officer taking the acknowledgment is without jurisdiction, there being no examination of the reputed grantor, and no ac-

[Qualls v. Qualls.]

knowledgment before the officer, his certificate is void, and may be attacked collaterally.

6. Same.—To give an acknowledging officer jurisdiction of the grantor, the mere casual presence of the grantor and the possession of an instrument. purporting to have been signed by such grantor is not sufficient, as there must be a personal acknowledgment in some form.

7. Same; Impeachment.—It is not essential to the impeachment of a certificate of acknowledgment for fraud or duress practiced on the grantor, that the certifying officer should have participated therein.

8. Same; Evidence.—Where defendant set up a deed executed by the plaintiff to defendant, and claimed by plaintiff to have been forged, no right of bona fide purchaser for value being involved, the testimony of the acknowledging officer that he fixed his seal and certificate in the absence of the reputed grantor, was admissible.

APPEAL from Covington Circuit Court.

Heard before Hon. H. A. PEARCE.

Ejectment by Emily Qualls against J. M. Qualls. From a judgment for plaintiff defendant appeals. Affirmed.

BALDWIN & MURPHY, for appellant. JONES & POWELL, for appellee.

THOMAS, J.—This action of ejectment was brought by Emily Qualls for the recovery of the lands described in the complaint.

The plaintiff as a witness testified that she had been living on the land in question since she received the patent thereto; that defendant J. M. (Bunk) Qualls also had been living on the land about 16 years; that there was a clearing and considerable improvements on the land, some of which were made by the defendant; that she "did not execute a deed to Mr. Qualls to this land;" that she did not execute any such deed thereto before Justice of the Peace Reeves or Justice of the Peace Windham; that she went to Windham to get him to fix up her will; that she signed a timber right deed when Mr. W. O. Searcy and Mr. T. J. Pearce came to her place; that she could not read; that she knew Mrs. Cauley.

(1, 2) Defendant then asked the witness the question: "Did you tell her at Mrs. Strickland's home, six or seven years ago possibly, no one else except you and Mrs. Cauley being present, that you had made Bunk a deed to this land?"

The refusal of the court (on objection of plaintiff) to allow the witness to answer the question is assigned as error. The

tendency of the evidence sought to be elicited was to impeach the statement of the witness that she did not execute a deed to the land in question to Mr. Qualls. The predicate sought to be laid was within the accepted rule.—*McDaniel v. State,* 166 Ala. 7, 52 South. 400; *Price v. State,* 117 Ala. 113, 23 South. 691; *Hester v. State,* 103 Ala. 83, 88, 15 South. 857. It is clear, however, that no prejudicial error intervened; for Mrs. Cauley was permitted to contradict the statement for which the predicate was sought to be laid:

(3) There was no error in refusing to allow the defendant to prove the genuineness of the signature of the witness T. J. Pearce to other papers than the deed in dispute for the purpose of laying a predicate for the introduction of expert testimony. It was not shown that the papers exhibited to witness were material to the controversy, and not shown they were in evidence. At the time of this trial comparison of handwritings might not be made except under the conditions pointed out in *Kirksey v. Kirksey,* 41 Ala. 626; *Curtis v. State,* 118 Ala. 125, 24 South. 111; *Griffin v. Working Women's Home Ass'n,* 151 Ala. 597, 602, 44 South. 605.

The defendant introduced in evidence a deed to J. M. Qualls, dated July 1, 1905, conveying the land in question, reciting a consideration of $300, and purporting to be signed by plaintiff, Emily Qualls, by her mark, and attested by W. O. Searcy and T. J. Pearce, and bearing a certificate of acknowledgment of said date, by W. O. Searcy, justice of the peace.

The plaintiff called as a witness W. O. Searcy, who testified that he knew the parties; that he went out to Bunk Qualls' to take an acknowledgment about the 1st of July, 1905. He was then handed the above-described deed, and on inspection replied to questions by plaintiff's counsel: "I signed that acknowledgment. That is my signature as. a witness, and I signed as a witness."

Plaintiff's counsel then asked: "Well, now, did Mrs. Qualls make her mark to that paper there (referring to the deed in question) ?"

Counsel for defendant objected to the question on the grounds that the officer who took the acknowledgment was not a competent witness to contradict or impeach the certificate. To. the overruling of this objection the defendant excepted, and defendant now assigns the ruling as error. The witness answered:

[Qualls v. Qualls.]

"No, sir; not before me, she did not, she did not make her mark to that paper before me that day or at any other time."

Here plaintiff, over defendant's objection and exception, asked: "Well, at whose instance did you write that deed?"

And the answer was: "J. M. Qualls got me to write that deed, the defendant. He got me to write it on the morning of the day that it was dated, I believe. He got me to do this in my office at Opp. He came up there to me. I wrote the deed there in my office. I was in my office when I signed my name there as a witness. I then carried that deed out to Bunk Qualls. I saw Mrs. Emily Qualls there. There was something said about her signing this deed. * * * Bunk asked her, * * * She said she would not sign it. I think the deed was left lying there on the table, or machine."

In many jurisdictions it is held that the officer is not a competent witness to contradict or impeach his certificate of acknowledgment to a conveyance.—*Stone v. Montgomery*, 35 Miss. 83; *Greene v. Godfrey*, 44 Me. 25; *Cent. Bank v. Copeland*, 18 Md. 305, 81 Am. Dec. 597; *McKellar v. Peck*, 39 Tex. 381; *Hockman v. McClanahan*, 87 Va. 33, 12 S. E. 230; *Woolbridge v. Woolbridge*, 69 W. Va. 554, 72 S. E. 654, Ann. Cas. 1912B, 653; 1 Dev. on Real Estate (Ed Ed.) § 532; 1 Corpus Juris, p. 895, § 282.

In *Hailey v. Glenn*, 10 Idaho 224, 77 Pac. 623, 109 Am. St. Rep. 204, the court says: "No notary should be allowed to come into court upon the foreclosure of a mortgage and give testimony impeaching his certificate to the mortgage which is being foreclosed. In the first place, the certificate is made at the time of the acknowledgment, and is the solemn declaration of the officer in his official capacity, under his hand and seal, as to the truth and accuracy of the statements it contains, and it is more likely to be true and correct than the memory of the person in years afterward. * * * After persons have relied upon the faith and correctness of his official statement and invested their money, and rights have grown up thereunder, the person who acted as such official and made such certificate should not be heard in a court of justice disputing its correctness."

(4, 5) The question of the validity vel non of the instrument, as respects the competency of the officer taking the acknowledgment, must be raised in a direct, and not a collateral, attack.— *Vizard v. Robinson*, 181 Ala. 349, 61 South. 959; *Monroe v. Arthur*, 126 Ala. 362, 28 South. 476, 85 Am. St. Rep. 36; *Hayes*

*v. B. & L. Ass'n,* 124 Ala. 663, 26 South. 527, 82 Am. St. Rep. 216. Where, however, the officer was without jurisdiction, in that there was no examination of the reputed grantor, and no acknowledgment before the officer, then such a certificate is void because not authorized by law to be made, and it may be attacked collaterally, as is now sought to be done.—*Chatta. N. B. & L. Ass'n v. Vaught,* 143 Ala. 389, 39 South. 215; *Parrish v. Russell,* 172 Ala. 1, 55 South. 140; *Gilley, et al. v. Denman,* 185 Ala. 561, 64 South. 97.

(6) It is essential, for the certifying officer to have acquired jurisdiction of the grantor, to have before him at the time the grantor and the instrument to be acknowledged, and, as such officer, to have entered upon the exercise. of his jurisdiction. The mere casual presence of the reputed grantor and the possession of an instrument purporting to have been signed are not sufficient to confer jurisdiction. There must be an acknowledgment in some form by the grantor of the instrument signed.— *Orendorff v. Suit,* 167 Ala. 563, 52 South. 744; *Chatta. N. B. & L. Ass'n v. Vaught, supra; Parrish v. Russell, supra; Barnett, et al. v. Proskauer & Co.,* 62 Ala. 486. And want of jurisdiction may be shown by parol.—*N. E. M. S. Co. v. Payne,* 107 Ala. 578, 18 South. 164; *E. A. L. M. Co. v. Peoples,* 102 Ala. 241, 14 South. 656.

(7) It is not essential to the impeachment of a certificate of acknowledgment that the certifying officer should have participated in the fraud or duress practiced on the grantor.—1 Dev. on Real Estate (3d Ed.) § 532, and authorities; *Gilley, et al. v. Denman, supra.*

In the instant case no right of a bona fide purchaser for value without notice is challenged. The charge of forgery of plaintiff's execution of the warrant on which the defendant relies for title is made, and that the same was participated in by the defendant, and that plaintiff never, in fact, executed the conveyance or acknowledged the same before the officer certifying thereto.

In *Parrish v. Russell, supra,* the court said: " 'The presence of the officer for the purpose stated, the presence of the instruments themselves, the presence of the grantors for said purposes, and the signing of the papers then and there by them, the notary's certificate of the acknowledgment by the husband, and the separate acknowledgment of the wife are not open to impeachment by parol evidence; no fraud or duress being shown.'

The rule here stated, following what was laid down in *Grider v. Mortgage Co.*, 99 Ala. 281, 12 South. 775; 42 Am. St. Rep. 58, has never been departed from in this court."

In the case of *Grider v. A. F. L. M. Co.*, 99 Ala. 281, 12 South. 775, 42 Am. St. Rep. 58, it is said: "We know the absolute and implied faith and trust which, in practice, purchasers of real estate repose, and must necessarily repose, in the formal and regular certificates of authorized officers, authenticating the regular and legal execution of conveyances, and the disastrous consequences which may flow from a rule which would allow those certificates to be questioned and set aside against purchasers who have parted with valuable interests in reliance upon them; yet, on the other hand, we perceive the manifest injustice of a rule which would deprive one of his property, without his knowledge or consent, upon the mere baseless fabrication of another.  *  *  *  Upon due consideration we are of opinion that the better rule, and the one sustained by the weight of authority is, that when there has been no appearance before the officer, and no acknowledgment at all made, it may be shown in disproof of the officer's certificate, even against bona fide mortgagees and purchasers."

In *Cheney, Trustee, v. Nathan*, 110 Ala. 254, 265, 20 South. 99, 102 (55 Am. St. Rep. 26) facts very similar to those now presented were before the court, and the court there said: "The paper was not signed in the presence of the notary. It was never in the presence of the grantor and the notary after it was signed. When the notary had it and executed his certificate of acknowledgment, there was nothing to acknowledge, there was no signature, nor was there any signature at any time while it was in his possession. Treating his powers and acts as judicial, they were lacking in one essential of jurisdiction. There was no signature of any kind, genuine or otherwise before him. He had to do officially only with signatures."

The question of the right of the notary purporting to have taken the acknowledgment to testify was not raised in the *Nathan Case.*

In *Davis v. Monroe*, 187 Pa. 212, 216, 41 Atl. 44, 45 (67 Am. St. Rep. 581), it is held that public policy would prevent an officer taking an acknowledgment to impeach his certificate, when the rights of subsequent purchasers or parties dealing with the land on the credit of his official certificate have attached thereto,

but that it cannot be applied between the original parties or their privies.

"That a justice of the peace knowing of a fraud took an acknowledgment of a deed by which the fraud was to be carried out, and said nothing at the time to the parties defrauded, is a circumstance that may effect his credibility with the jury, but does not make him an incompetent witness in a contest between the original parties."

The right of the officer to falsify his own official certificate is stated in *Winn v. Itzel,* 125 Wis. 19, 26, 103 N. W. 220, 222, as follows:

"In other jurisdictions authorities are quite evenly divided on the question.—1 Am. & Eng. Ency. of Law (2d Ed.) 562, notes 1, 2; 1 Cyc. 626, notes 46, 47. The authorities which hold such testimony inadmissible do so upon the ground that it is against public policy to allow a public officer to undermine by oral testimony his official certificate, upon the integrity of which rights of third persons may depend, and there is force in the argument. Certainly such testimony is thoroughly impeached by the witness himself. It might probably be termed a 'gross impropriety,' as was said by the court in *Loughney v. Loughney,* 87 Wis. 92 [58 N. W. 250], where the scrivner and witness to a will, who was named as executor therein and presented the same for probate, testified that the testator lacked mental capacity to make a will. Still we have not been able to convince ourselves that such testimony should be entirely excluded. It is not likely that it will be frequently offered. * * * We are inclined to hold the testimony admissible, but we also hold that, in the absence of a satisfactory explanation by the officer showing that the official certificate, though mistaken, was honestly made at the time (and there was no such testimony here), such testimony should receive little weight.—*Wilson v. South Park Com'rs,* 70 Ill. 46."

A fundamental question is raised by Mr. Justice Campbell in *Camp v. Carpenter,* 52 Mich. 375, 379, 18 N. W. 113, 114, as follows: "There is no rule which could lawfully make any officer's certificate of acknowledgment conclusive evidence of the identitfy of persons or of the execution of a conveyance which would not have the effect of depriving a person of his property without his own act or fault. Such a transfer would very clearly be beyond legislative authority. The question must necessarily

[Qualls v. Qualls.]

be open to proof whether the instrument relied on is genuine. In *Hourtienne v. Schnoor*, 33 Mich. 274, and *Johnson v. Van Velsor*, 43 Mich. 219 [5 N. W. 265], it was intimated that such official action must, where had before an officer knowing the parties, receive great consideration. In both of those cases the officer swore to such facts as raised a distinct issue of veracity, and in both his testimony was accompanied by strong corroboration. In the present case, when the notary swore he did not know the person whom he certified he knew, he deprived his certificate of all of the foundation on which the law allows the presumption to be raised, and the subscribing witness, who testified to his own ignorance, destroyed also the presumptions that in some cases attend the action of such witnesses in the absence of suspicion. It would be very absurd to allow a certificate such weight as is claimed for it here, when the notary himself contradicts his own statements, and shows its want of truth. It is not a very satisfactory state of things when a forgery can gain even presumptive credit from the action of an officer who has certified without foundation for his action."

That this doctrine was announced by Judge Campbell during the incumbency of Justices Cooley and Sherwood gives it added weight as authority. To like effect has been the holding in Missouri, Iowa, Nebraska, and Kentucky.—*Pereau v. Frederick*, 17 Neb. 117, 22 N. W. 235; *Comings v. Leedy*, 114 Mo. 454, 21 S. W. 804; *Mays v. Pryce*, 95 Mo. 603, 8 S. W. 731; *Belo v. Mayes*, 79 Mo. 67; *Tatum v. Goforth*, 9 Iowa 247; *Garth v. Fort*, 15 Lea (Tenn.) 683.

We have found no case by our court, where the want of jurisdiction was shown by the individual who usurped official authority. It has, however been declared that the official taking the acknowledgment may testify to support the certificate.—*Smith v. McGuire*, 67 Ala. 34, 39; *Giddens v. Bolling*, 99 Ala. 319, 323, 13 South. 511. This, however, is not decisive of the question before us.

(8) Public policy would not forbid, and no good reason would deny, the testimony of the individual who, acting without having acquired jurisdiction, has affixed his seal of office, and attached his certificate of acknowledgment to a conveyance, in a case where no right of a bona fide purchaser for value without notice is challenged.

In the instant case,. with no actual fraudulent intent, the official exceeded his authority in affixing his seal of office and his certificate of acknowledgment to the deed in the absence of the reputed grantor. Thereafter he went to her home with the conveyance to secure her signature thereto and her acknowledgment thereof before him as a notary public; and on her refusal to sign the instrument he left the paper lying "on the table or machine" in the house where plaintiff and defendant were. Thus there was no execution of the conveyance, nor acquisition of jurisdiction, by the official, of Mrs. Qualls. The deed was prepared and carried by the notary to the home of the plaintiff for her signature, at the instance and request of the defendant. When it was discovered that the deed was later filed for record, the notary appearing on the face of the deed to have witnessed it and taken the acknowledgment repudiated its genuineness to the defendant. Neither public policy nor other rule of our court would prevent the witness Searcy in a controversy between the parties to the purported deed to deny its execution to explain the presence of his affixed seal of office and certificate of acknowledgment, and to state the true facts, in a court of justice, when such a reputed conveyance is collaterally attacked.

The case of *American Freehold L. M. Co. v. Thornton,* 108 Ala. 258, 19 South. 529, 54 Am. St. Rep. 148, cited by appellant, does not conflict with the view we have expressed. Mr. Justice McClellan says that, given the "presence of the officer for the purpose stated, the presence of the instruments themselves, the presence of the grantors for said purposes, and the signing of the papers then and there by them, the notary's certificates of acknowledgment of the husband and the separate acknowledgment of the wife are not open to impeachment by parol evidence; no fraud or duress having been shown."

The *Thornton Case* is recently cited, with many other authorities, in *Vizard v. Robinson, supra,* in support of the statement that an efficacious acknowledgment "imports a verity against which none can * * * complain unless it is for duress or fraud." The agreed statement of facts set out in the *Vizard Case* expressly states that "Jones took the acknowledgment of the vendors, that they executed said deed," etc.

The judgment is affirmed.

Affirmed.

ANDERSON, C. J., and MAYFIELD and SOMERVILLE, JJ., concur.