(103 So. 452)

MOORE et al. v. BRAGG.   (8 Div. 660.)

(Supreme Court of Alabama.   March 19, 1925.)

1. Acknowledgment ⬥⇒25—Wife's acknowledgment to mortgage of homestead not invalid because certified with general acknowledgment of husband and wife.

Wife's separate acknowledgment to mortgage of homestead, containing all recitals of statutory form (Code 1923, §§ 6845, 7883), is not invalid, because combined with general acknowledgment of husband and wife in one certificate.

2. Acknowledgment ⬥⇒37(1) — Certificate of facts required to be shown in. substantially statutory form sufficient.

Literal compliance with statutory form (Code 1923, §§ 6845, 7883) of wife's separate acknowledgment to mortgage of homestead is unnecessary, if each fact required to be shown is certified in language clearly the same in substance and effect.

3. Acknowledgment ⬥⇒49 — Certificate construed as whole and with conveyance.

Certificate of wife's acknowledgment to mortgage of homestead is construed as whole and in connection with conveyance.

4. Acknowledgment ⬥⇒37(1)—Certificate of wife's acknowledgment to mortgage of homestead held to sufficiently identify wife and husband.

Certificate of wife's acknowledgment to mortgage of homestead, identifying her as "the

said Lula Lee Markham, known to me to be the wife of the within W. A. Markham," *held* to sufficiently identify both husband and wife, notwithstanding omission of statutory words "within named" before their names.

**5. Acknowledgment ⚭8, 55(1), 62(1)—Is judicial act; certificate is conclusive; certificate cannot be impeached by parol testimony.**

Taking and certifying acknowledgment to conveyance of lands is judicial act, and when instrument and parties are present before officer, and execution of instrument there completed by them, his certificate is conclusive of all facts required to be certified, and cannot be impeached by parol testimony, except on averment and proof of fraud to which grantee was party.

**6. Acknowledgment ⚭62(1)—Parol evidence of husband's presence and notary's failure to ask wife whether she signed voluntarily inadmissible to contradict certificate.**

In absence of averment of duress by husband or fraud by grantee, parol evidence contradicting certificate of wife's acknowledgment to mortgage of homestead, that husband was present at all times, or that wife was not asked whether she signed it voluntarily, is inadmissible.

**7. Acknowledgment ⚭56 — Certificate made without presence of party or signature may be impeached as fabrication.**

Certificate of acknowledgment, made without jurisdiction of party or subject-matter, as when party was never in officer's presence, or there was no signature, may be impeached as fabrication.

**8. Acknowledgment ⚭25—Officer must examine wife apart from husband and make proper inquiry as to whether she signs conveyance voluntarily.**

It is officer's duty to examine wife apart from husband and make proper inquiry as to whether she signs mortgage of homestead voluntarily, without fear of, or constraint or threats by, husband.

**9. Mortgages ⚭126—Half-interest in lands conveyed to copurchaser executing mortgage to vendor held included in lands bound.**

Half-interest in lands conveyed to copurchaser, who thereupon executed mortgage to holder of existing purchase-money mortgage for balance due, *held* included in lands bound.

**10. Evidence ⚭441(5)—Parol evidence of prior or contemporaneous agreement to release one cotenant's interest in land inadmissible to contradict or vary terms of mortgage.**

Parol evidence of prior or contemporaneous agreement to release one cotenant's portion of land is inadmissible to contradict or vary terms of mortgage as to interest conveyed.

Appeal from Circuit Court, Madison County; James E. Horton, Jr., Judge.

Bill in equity by E. O. Bragg against Nora A. Moore and others, with cross-bills by defendants Moore and another. From decree for complainant, cross-complainants appeal. Affirmed.

The bill alleges that on November 22, 1921, W. A. Markham, being indebted to complainant, executed his note to complainant for $3,890, and as security for the payment of the note, said Markham and his wife executed to complainant a mortgage on certain described lands; that the note was due and payable on December 1, 1922, and that said Markham defaulted in the payment thereof. It is further alleged that, prior to the execution of the mortgage to complainant, respondent executed a mortgage to the Federal Land Bank of New Orleans, which mortgage is unpaid and is a first lien upon the land, and to which complainant's mortgage is subordinate. It is further alleged that after the execution of said two mortgages Markham and his wife, Lula Lee Markham, conveyed to respondent Nora A. Moore an undivided one-half interest in the land, and thereafter said Markham conveyed to his wife all his right, title, and interest in the land, so that said Nora A. Moore and Lula Lee Markham are now in possession and control of the premises, and that the title thereto is held by them subject to the mortgages referred to.

It is prayed that the indebtedness due complainant by W. A. Markham be declared to be in default, that a foreclosure of the mortgage to complainant be ordered for the satisfaction of such indebtedness, that the land be sold, subject to the mortgage to the Federal Land Bank, and that a decree be rendered in favor of complainant against W. A. Markham for any deficiency after application of the proceeds of sale to the indebtedness due complainant.

The respondents, by answer and cross-bills, set up that at the time of the execution of the mortgage by W. A. Markham to complainant, the premises purported to be conveyed thereby were the homestead of said Markham and his wife, who were residing thereon as such homestead; that said mortgage was not acknowledged by the wife, separate and apart from the husband, and is therefore null and void; and the cross-complainants pray that this mortgage be canceled as a cloud upon their title.

By final decree the court ascertained the amount due by W. A. Markham to complainant, Bragg, and adjudged that, on failure of said Markham or Lula Lee Markham and Nora A. Moore to pay such indebtedness within the time stated, the lands be sold. From this decree the appeal is taken.

R. E. Smith and R. C. Brickell, both of Huntsville, for appellants.

Counsel argue for error in the decree, but without citing authorities.

---

⚭For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Watts & White, of Huntsville, for appellee.

The separate acknowledgment of the wife was not insufficient, because combined with the general acknowledgment. Russell v. Holman, 156 Ala. 433, 47 So. 205; Gates v. Hester, 81 Ala. 357, 1 So. 848; Abney v. De Loach, 84 Ala. 393, 4 So. 757; Middlebrooks v. Stephens, 148 Ala. 230, 41 So. 735; Davis v. Gerson, 153 Ala. 503, 45 So. 587. In the absence of allegations of fraud or imposition, the certificate of the notary cannot be contradicted; the taking of acknowledgments is a judicial act. Miller v. Marx, 55 Ala. 322; Downing v. Blair, 75 Ala. 216; Shelton v. Aultman, 82 Ala. 315, 8 So. 232; Butler v. Hill, 190 Ala. 576, 67 So. 260.

BOULDIN, J. [1] The separate acknowledgment of the wife to a conveyance of the homestead containing all the recitals of the statutory form (Code 1923, §§ 6845, 7883), is not rendered invalid because combined with the general acknowledgment of the husband and wife in one certificate. Russell v. Holman, 156 Ala. 433, 47 So. 205.

[2] A literal compliance with the statutory form, while always to be favored, is not exacted. If each fact required to be shown by the certificate is certified in language clearly in substance and effect the same as the statutory form, it is sufficient. Gates v. Hester, 81 Ala. 357, 1 So. 848; Frederick v. Wilcox, 119 Ala. 355, 24 So. 582, 72 Am. St. Rep. 925; Davis v. Gerson, 153 Ala. 503, 45 So. 587; Middlebrooks v. Stephens, 148 Ala. 230, 41 So. 735.

[3, 4] The alleged defects in the acknowledgment in this instance are in this clause: "Came before me the said Lula Lee Markham, known to me to be the wife of the within W. A. Markham." The statute uses the words "within named" in identifying the parties. The certificate is construed as a whole and in connection with the conveyance. "Said Lula Lee Markham," otherwise shown as the person who "executed" the conveyance, and who acknowledged that she "signed" the same, is thus identified with the same certainty as by the words "within named." "Within W. A. Markham" can mean none other than "within named W. A. Markham." The omission of the word "named" renders it less grammatical, but no less certain. The certificate of acknowledgment to complainant's mortgage was, therefore, sufficient.

[5] Taking and certifying an acknowledgment to a conveyance of lands is a judicial act. When the instrument and the parties are present before the officer, and they there enter upon the business of completing the execution of the instrument by taking the acknowledgment, the certificate of the officer is conclusive of all the facts he is required by law to certify, and cannot be impeached by parol testimony, except upon averment and proof of fraud to which the grantee was a party. Qualls v. Qualls, 196 Ala. 524, 72 So. 76; Parrish v. Russell, 172 Ala. 1, 55 So. 140; Orendorff v. Suit, 167 Ala. 563, 52 So. 744; Hayes v. Southern Home B. & L. Ass'n, 124 Ala. 663, 26 So. 527, 82 Am. St. Rep. 216; Grider v. American Freehold Land Mtg. Co., 99 Ala. 281, 12 So. 775, 42 Am. St. Rep. 58; Moog v. Strang, 69 Ala. 98.

[6] It is without dispute here that the notary public was called to the home of the mortgagors to take the acknowledgments, that the mortgage was there signed by the parties, and the certificate of acknowledgment made and signed by the notary.

There is no averment of duress or fraud upon the wife. The grantee is not charged with taking any part in the execution of the mortgage. Parol evidence, contradicting the certificate of acknowledgment, to the effect that the husband was present at all times, or that the wife was not asked whether she signed the mortgage of her own free will and accord, was inadmissible.

[7] True, the rule is that a certificate of acknowledgment, made without jurisdiction of the party or subject-matter—that is to say when the party was never in the presence of the officer in connection with an acknowledgment of the instrument, or there was no signature thereto, as the subject of inquiry —may be impeached as a fabrication. Chattanooga National B. & L. Ass'n v. Vaught, 143 Ala. 389, 39 So. 215; Qualls v. Qualls, 196 Ala. 524, 72 So. 76; Cheney v. Nathan, 110 Ala. 254, 20 So. 99, 55 Am. St. Rep. 26.

[8] The point is made that the prime purpose of the separate acknowledgment of the wife is the ascertainment that the wife's signature is not the result of duress on the part of the husband, and therefore the officer could acquire no jurisdiction while the wife is in the presence of the husband. There is force in the argument. An officer is grossly disregardful of his solemn duty to see that his official certificate speaks the truth, if the wife is not in fact examined separate and apart from the husband, and proper inquiry made to ascertain whether the wife signs of her own free will and accord, without fear, constraint, or threats on the part of the husband. But the rule above stated is founded upon public policy, aims at the security of titles, has been often considered and firmly established in this state, and is in harmony with the current of authority. 1 C. J. p. 886, § 267, and notes.

No stronger reason can be given for impeaching the certificate in its recital that the wife was examined separate and apart from her husband, than for like proof that the wife did not acknowledge that she signed of her own free will and accord. Jurisdiction having been acquired, parol evidence cannot impeach any of the recitals of fact which the

law requires to appear in the certificate, no fraud being alleged. Any other rule would open the door to all the evils at which the established rule is aimed, and render the official certificate of the officer of little practical value.

[9, 10] We find no fault with the decree holding the half interest of Nora A. Moore in the lands bound by the mortgage. The debt originated in a purchase-money mortgage, given to complainant and assumed by W. A. Markham and Nora A. Moore on their purchase of the lands. It appears the present mortgage came about in course of an arrangement to borrow money from the Federal Land Bank to make a payment on the debt, the complainant taking a second mortgage for the balance. To consummate this deal, Mrs. Moore deeded her half of the lands to W. A. Markham, who thereupon executed the first mortgage to the Land Bank, and second mortgage to complainant while the entire title was in him. Parol evidence of a prior or contemporaneous agreement to release Mrs. Moore's portion of the land cannot be admitted to contradict or vary the terms of the mortgage as to the interest conveyed.

The evidence, if admissible, taken in connection with the written memorials of the transaction, would not warrant a finding of anything more than a discharge of Mrs. Moore from personal liability. No decree over is sought against her.

The decree of the court below is affirmed. Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.