169 So. 316

## ESTES v. METROPOLITAN LIFE INS. CO.

### 6 Div. 863.

Supreme Court of Alabama.

June 11, 1936.

Rehearing Denied July 16, 1936.

J. C. Burton, of Birmingham, for appellant.

Cabaniss & Johnston, Smyer, Smyer & Bainbridge, and K. E. Cooper, all of Birmingham, for appellee.

KNIGHT, Justice.

The proceedings in this cause were commenced by a bill filed by appellee-complainant, against Walter F. Estes, Nettie B. Estes, his wife, and others, seeking relief under an instrument, in form a mortgage, executed by the Estes to Jemison & Co., and which was thereafter, and before maturity, transferred, sold, and conveyed to the complainant. The bill presented the case in a number of aspects, with relief prayed under the several aspects in the alternative.

There were demurrers to the bill, which were overruled, and thereafter answers were filed by all respondents, the respondent Walter F. Estes filing an amended answer and cross-bill, making the complainant in the original bill the cross-respondent thereto. There was a demurrer by the cross-respondent to this cross-bill, and this demurrer on final submission was sustained by the court, and full relief as prayed for in the bill was granted the original complainant.

From this decree the respondent Walter F. Estes alone has appealed, and among the errors assigned is one which presents for our determination the propriety of the court's action in sustaining the cross-respondent's demurrer to the cross-bill, and in dismissing the same.

That the real issues involved in this case may be fully understood, we deem it proper to set out the salient averments of the bill; and we may here say that the evidence fully sustained the averred facts.

Walter F. Estes owned a lot in the city of Birmingham, Ala., upon which he and his wife resided as their homestead. The title to the property was in the husband, and he undertook the erection of a residence thereon at a cost of $8,000. At that time he and his wife lived in the upper story of the garage on the lot. A contract was made by Estes with a man by the name of A. Hinkle to construct the residence at and for the sum of $8,000. The residence was thereafter constructed by said Hinkle, and at the time the loan was made to him by Jemison & Co., there was due Hinkle a balance of $5,776.59 on the construction cost.

Walter F. Estes applied to Jemison & Co. for a loan of $7,000, to be secured by a first mortgage on the property. Pursuant to this agreement Estes and wife executed and delivered to Jemison & Co. an instrument that purported to be a mortgage on the property, and apparently executed and acknowledged in all respects as required by section 7883 of the Code (amended by Gen. Acts 1931, p. 183).

Thereafter, Jemison sold and conveyed and duly transferred the writing, the notes, and said mortgage to the complainant, the Metropolitan Life Insurance Company, for value, before maturity of the notes, and without notice of any defect in the acknowledgment of the parties to the mortgage.

After making some small payments· on the indebtedness, the mortgagors made default in the payment of the notes, and the Metropolitan Life Insurance Company foreclosed,· or went through the form of foreclosing, the mortgage under the power of sale given in the instrument, and at the foreclosure sale became the purchaser of the property· at and for the sum of $6,-696.09, and a deed was duly executed to it.

Estes and his wife declined to deliver possession to the Metropolitan Life Insurance Company on its purchase of the property, and the company instituted an action of ejectment against the mortgagors for the recovery of possession of the property.

On the trial of this ejectment suit, it developed that while both Mr. and Mrs. Estes had signed the mortgage, it was not in fact acknowledged by either of the parties, as the certificate purported to ·show, and there was no subscribing witness. For this reason the Metropolitan Life Insurance Company lost in its ejectment suit. The complainant prosecuted an appeal to this court from the judgment for respondents in the ejectment suit, but the judgment of the lower court was affirmed on said appeal. Metropolitan Life Insurance Co. v. Estes et al., 228 Ala. 582, 155 So. 79.

After the final determination of the ejectment suit, the Metropolitan Life Insurance Company filed the present bill, praying, inter alia, specifically that the foreclosure proceedings referred to in the bill be set aside and held for naught, and the mortgage be treated as being in full force according to its tenor and effect; that the instrument intended as a mortgage be decreed "to amount in equity to a good agreement to mortgage"; that "whether relief be granted by the court in the form prayed for in either of brackets (1) to (4) inclusive above, that the mortgage or lien which shall be decreed as existing against said property for the security of said indebtedness, be foreclosed under the orders of this court for the satisfaction of· said indebtedness"; and in the alternative complainant prayed to be subrogated to· the rights of the holders of the mechanics' liens paid and discharged out of the proceeds of the loan made by the lender to Estes. There was also a prayer for general relief.

The respondent Walter F. Estes in his answers, made a cross-bill against the complainant, averred that the property conveyed by the mortgage was his homestead at the time of the execution of the mortgage; and that there was no acknowledgment of the same by his wife. He avers also that the homestead, after being reduced to its lowest practical area, exceeds in value $2,000.

He prayed that the property be sold by order of the court at such time, and under such conditions as the court may direct, and that of the proceeds the cross-complainant be paid $2,000 "in lieu of a homestead." He made no offer to pay the debt secured, or intended to be secured, by the mortgage as a condition precedent to relief.

Section 7913 of the Code, the provisions of which the appellant invokes in this case, has its genesis in the Act of the Legislature of February 9, 1877 (Gen.Acts 1876-77, p. 32). Prior to the passage of that act this court had held that exemption did not extend to and embrace a homestead, which, after being reduced to the lowest practical area, still exceeded $2,000 in value. And that the law had provided no method for carving a homestead, or its equivalent, out of the property thus cir· cumstanced. We held, however, under the then existing law that, ·if by a division a homestead, either in a city, town, or county, could be so separated from the residue of the land as to reduce its value to a sum not exceeding $2,000, then and in that event such separated portion would be exempt.

We further held that, when the homestead, after being reduced to the lowest practical area, exceeded $2,000 in value, a valid conveyance of the whole land could be made by the owner, without the voluntary signature and assent of the wife. Farley v. Whitehead, 63 Ala. 295; Moses v. McClain, 82 Ala. 370, 2 So. 741.

To secure to the owner and family the benefit of homestead exemption, when the homestead, after being reduced to the lowest practical area, still exceeded $2,000, the Legislature of Alabama passed an act, which was approved on February 9, 1877, and which by successive codifications is now embodied in said section 7913, and which reads: "When the homestead, after being reduced to the lowest practicable area, exceeds two thousand dollars in value, and the husband has aliened the same by deed, mortgage, or other conveyance, without the voluntary signature and assent of the wife, shown and acknowledged as required by law, the husband, or if he fails to act, the wife, or if there is no wife,

or if she fails to act, his minor child, or children may, by bill in equity, have the land sold, and the homestead interest separated from that of the alienee."

■ By this law it was not the intention of the lawmakers to abolish the equitable maxim that, "He who seeks equity must do equity." By a long line of decisions, we have held that, when the owner would invoke the jurisdiction of the court to cancel a mortgage given upon the homestead, as a condition precedent to such relief he must offer to restore to the mortgagee whatever of value he received from such mortgagee at the time of the execution of the mortgage. Fies & Sons v. Lowery, 226 Ala. 329, 147 So. 136; Sumners v. Jordan, 220 Ala. 402, 125 So. 642; Moore et al. v. Bragg, 212 Ala. 481, 103 So. 452; Qualls v. Qualls, 196 Ala. 524, 72 So. 76; Parrish v. Russell, 172 Ala. 1, 55 So. 140; Orendorff v. Suit, 167 Ala. 563, 52 So. 744; Hayes v. Southern Home Building & Loan Association, 124 Ala. 663, 26 So. 527, 82 Am.St.Rep. 216; Grider v. American Freehold Land Mortgage Co., 99 Ala. 281, 12 So. 775, 42 Am.St.Rep. 58; Giddens v. Bolling, 99 Ala. 319, 13 So. 511; Moog v. Strang, 69 Ala. 98. We have steadfastly so ruled. So that on this question there can be no doubt.

■ We have also, with equal tenacity, held to the rule that this equitable maxim does not apply when the mortgagee or other alienee is the actor in the suit. Clark et al. v. Bird, 158 Ala. 278, 48 So. 359, 132 Am.St.Rep. 25; Mathews v. J. F. Carroll Mercantile Co., 195 Ala. 501, 70 So. 143, 145.

The complainant in this bill had been defeated in its action of ejectment upon the sole ground that the mortgage was neither witnessed nor acknowledged, and, therefore, it was ineffectual to convey the legal title. In these circumstances, the complainant invoked the jurisdiction of a court of equity to extricate it from the situation in which it found itself. Certainly, in these circumstances, the complainant was the *actor*—not the respondents, Mr. and Mrs. Estes.

The contention that the said respondent Walter F. Estes became the actor, when he filed his answer and cross-bill seeking to have the court to order the sale of the property and set aside to him $2,000 of the proceeds in lieu of his homestead exemptions, is untenable. The complainant had prayed for the sale of the property for the payment of the indebtedness due to it by Mr. Estes, and a cross-bill was unnecessary to secure to Mr. Estes his exemption rights in the property. The question could have been efficaciously presented, and the exemptions allowed by an appropriate answer, or by a simple petition filed in the cause. Kennedy v. First National Bank of Tuscaloosa, 107 Ala. 170, 18 So. 396, 36 L.R.A. 308; Zelnicker v. Brigham & Co., 74 Ala. 598; section 7890, Code.

■ The complainant's bill contained equity in some of its phases, and inasmuch as the demurrer of the respondents was addressed to the bill as a whole, it was properly overruled. Wood et al. v. Estes, 224 Ala. 140, 139 So. 331.

■ However, the court committed error in sustaining the demurrer of cross-respondent to the cross-bill of Walter F. Estes, setting up and bringing before the court the said cross-complainant's claim to homestead exemptions, and praying that his exemptions of $2,000 be decreed to him out of the proceeds of the sale of the homestead. The demurrer took the point that the cross-complainant must first pay, or offer to pay, the indebtedness due the cross-respondent, as a condition precedent to the allowance to him of homestead exemptions.

The complainant upon the pleadings and proof was entitled to have the mortgage declared to be an equitable mortgage upon the property, and to a sale of the property in satisfaction of the indebtedness secured by the mortgage, but subject to the right of respondent Walter F. Estes to be paid $2,000 out of the proceeds in lieu of his homestead exemptions in said property.

In the decree ascertaining the amount of the complainant's debt secured by the mortgage there is no error; in decreeing a sale of the property there is also no error; but in disallowing the respondent Walter F. Estes' exemptions there was error.

We will not reverse the decree for the error pointed out, but will here correct it by ordering and adjudging that the property be sold in all respects as directed in the decree of the court below, but that out of the proceeds of sale $2,000 be paid to the said Walter F. Estes as and for his exemptions in said property.

As corrected the decree of the circuit court will be affirmed.

Corrected and affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.