LUCAS *v.* LARKIN and wife.

(*Nashville.* January 22d, 1887.)

1. DEED. *Certificate of privy examination. Seal not required.*

The certificate of the privy examination of a married woman to her deed is valid and sufficient without the addition of a seal to the official signature of the commissioner who makes it.

Code cited: § 1804 (T. & S.); § 2478 (M. & V.)

(See also §§ 2076, 2077, 2078 (T. & S.); §§ 2891, 2892, 2893 (M. & V.)

2. SAME. *Privy examination of married woman. Taken on Sunday.*

The privy examination of a married woman to her deed, taken on Sunday, is valid.

(See Code, §§ 2289, 3529–3532 (M. & V.); §§ 1723, 2824–2827 (T. & S.); 5 Hum., 105; 6 Lea, 286; 16 Lea, 476.)

---

FROM FRANKLIN.

---

Appeal from the Chancery Court of Franklin County. W. S. BEARDEN, Sp. Ch.

ESTELL & WALKER for Lucas.

MARKS & GREGORY for Larkin.

SNODGRASS, J. There was a decree in this case in favor of complainant for $1,465, and for sale of land held by the Court to be mortgaged to secure the debt.

The wife of Defendant Larkin had resisted the sale, upon the ground that she was not bound by the deed, and was entitled to homestead.

The two objections urged against the deed were—

*First*—That the Justice of the Peace commissioned to take her acknowledgment had not put his seal to the certificate.

*Second*—That the acknowledgment was taken on Sunday, and was therefore void.

The Act of 1833 did provide that the commission should direct and the certificate be under "hand and seal," and the form prescribed had the [seal] appended. Car & Nicholson, pages 594-5.

The same direction to the commissioner for certificate under "hand and seal," and the same attestation of the commissioner—"witness my hand and seal"—in the certificate is contained in the Code; but the appended [seal] in the original form is omitted; and in view of the fact that the Justice has no seal of office, and private seals, except of corporations, are abolished (old Code, § 1804), it is no longer essential to add to the official signature any seal, and the certificate is valid without it. Such omission from the statutory form referred to was probably intended so to indicate.

Nor is the acknowledgment void because taken on Sunday. We are referred to a Wisconsin case assumed by counsel to decide the contrary—*Deforth* v. *W. & M. R. R. Co.*, 52 Wis., 320. Whatever may have been the holding in Wiscon-

sin upon a statute making it unlawful "to do any manner of labor, business, or work, except only works of necessity or charity," on Sunday, or in any other State, upon statutes unlike our own, as was this one, or upon statutes similar to ours, our Court has held that a contract executed on Sunday was not void for that reason alone; and we have likewise held that a writ issued on Sunday was not void; and we hold in this case that the acknowledgment of Mrs. Larkin was not void because taken on Sunday.

The decree is affirmed with cost.