# Woodstock Iron Co. *v.* Richardson.

*Statutory Action in nature of Ejectment.*

1. *Alienation of homestead; acknowledgment by wife after death of husband.*—As held on the former appeal in this case (90 Ala. 266), a conveyance of the homestead, signed by husband and wife, but not acknowledged by the wife until after the death of the husband, is a nullity, and does not defeat or affect the title of the husband's heirs.

2. *Same; when deed takes effect.*—A conveyance of the homestead, signed by husband and wife, but not delivered until after their removal and acquisition of another homestead, takes effect from the date of its delivery, and does not require the statutory acknowledgment of the wife (Code, § 2508) to give it validity.

APPEAL from the Circuit Court of Calhoun.

Tried before the Hon. LEROY F. BOX.

This action was brought by Lucy Richardson and others, children and heirs at law of Winfrey Bonds, deceased, against the Woodstock Iron Company, and others; and was commenced on the 20th April, 1889. The tract of land sued for contained 160 acres, and had been the homestead of said Winfrey Bonds and his wife for several years prior to April, 1879, when he contracted to sell it to C. A. Sprague, under whom the other defendants claimed; and the only question in the case was the validity of his deed to said Sprague, and when it became operative. The deed was dated January 5th, 1890, signed by said Bonds and wife, and attested by two witnesses; and the evidence showed that it was delivered on or about that day, but was signed and attested several days previously. The evidence showed, also, that Bonds and his wife were living on the land as their homestead at the time the deed was signed, but were preparing to move to another place, and that they had removed at the time the deed was delivered. Bonds died in August, 1884, and after his death a certificate in statutory form for a conveyance of the homestead, was affixed to the deed on the acknowledgment of Mrs. Bonds. On these facts,

[Woodstock Iron Co. v. Richardson.]

a jury having been waived, the court held the deed invalid, and rendered judgment for the plaintiffs; and this judgment, to which the defendants excepted, is here assigned as error.

CALDWELL & JOHNSTON, and KNOX & BOWIE, for appellants, cited *Jenkins v. Harrison,* 66 Ala. 356; *Boyle v. Shulman,* 59 Ala. 569; *Stow v. Lillie,* 63 Ala. 257; *Murphy v. Hunt,* 75 Ala. 433; *Martin v. Lile,* 63 Ala. 406; *Wright v. Grabfelder,* 74 Ala. 460; *Hines v. Duncan,* 79 Ala. 113; *Vancleave v. Wilson,* 73 Ala. 337; *Alford v. Lehman,* 76 Ala. 529; *Carlisle v. Carlisle,* 78 Ala. 545.

CECIL BROWNE, and KELLY & SMITH, *contra,* cited *Richardson v. Woodstock Iron Co.,* 90 Ala. 266; 5 Amer. & Eng. Encyc. Law, 424; Tiedeman on Real Property, § 787.

COLEMAN, J.—When this case was before the court at a former term, it was held that a conveyance of the homestead, in all respects effectual for that purpose, except that it was not acknowledged by the wife as required by law, was a nullity; and that a proper acknowledgment made by the wife after the death of the husband did not defeat or affect the title of the heirs. This conclusion necessarily resulted from well settled principles of law as declared by repeated decisions of this court, and many of them being referred to in the opinion. *Richardson v. Woodstock Iron Co.,* 90 Ala. 268.

The question presented on this appeal was not considered in that opinion, and could not have arisen from the evidence as then stated in the record. The undisputed facts as they appear in the present record show, that the instrument was signed and dated and properly attested by two witnesses, but not acknowledged by the wife in the manner required by law for the conveyance of a homestead, a few days prior to the delivery to the grantee; that at the time it was signed, dated and attested, the grantor and his wife occupied as a homestead the land described in the instrument. The testimony further shows, that at that time the husband and owner of the land contemplated, and was preparing to change his homestead, and a few days thereafter actually removed and occupied another and different place as his homestead. The evidence further shows, that prior to his removal the grantor and grantee were negotiating for the sale and purchase of the land then occupied as a homestead, and in pursuance of the understanding between them the instrument was prepared, signed, dated, and duly attested, as above stated. The evidence further shows that the grantor retained the instrument in his own

[Woodstock Iron Co. v. Richardson.]

possession, and under his control, until he had acquired a new homestead; that subsequent to his removal to the newly acquired homestead, the purchase-money was paid for the premises conveyed, and the deed, without the acknowledgment by the wife, delivered to the grantee. These facts are not controverted.

"Delivery is essential to give effect to a deed, . .. and though signed, attested, or acknowledged, so long as the grantor retains control over it, so long as he does not part with it, with the purpose that it shall enure to the grantee, title will not pass from him."—*Jenkins v. Harrison*, 66 Ala. 356; *Elsberry v. Boykin*, 65 Ala. 340. A deed, or other writing, only takes effect from its delivery.—*Stiles v. Brown*, 16 Vt. 565. A deed duly signed and dated, but delivered at a subsequent date, takes effect only from the date of delivery, and the delivery can not relate back, so as to vest title from the date of the deed.—*Mitchell v. Bartlett*, 51 N. Y. 453. Notwithstanding there is a written date, the true date may be shown by extraneous evidence, even in the most solemn instruments, as deeds under seal.—*Lee v. Marine Ins. Co.*, 6 Mass. 219. The deed only takes effect from the actual time of its delivery, and the actual date of delivery will always control the date mentioned in the deed.—Tiedeman on Real Property, § 812; *Smith v. Porter*, 10 Gray, 66; *Newlin v. Osborne*, 67 Amer. Dec. 269. Acceptance by the grantee is essential to pass title from the grantor, and to the validity of the deed.—Tiedeman, *supra*, § 814; 66 Ala. 356. The writing and signing a note on Sunday is not the execution of it on that day, unless it be delivered on that day to the payee; delivery being essential to make it operative as a contract. If delivered on a subsequent day, not Sunday, it takes effect as a valid instrument from the day of delivery.—*Flanagan v. Meyer*, 41 Ala. 135.

It is legally impossible to have two homesteads at the same time.—*Boyle v. Shulman*, 59 Ala. 569. If the wife had died after the husband acquired a new homestead, and before the delivery of the deed, according to all the principles of law cited in the foregoing authorities, the deed took effect from the day of its delivery.

The principle involved in the present appeal is vitally different from that adjudicated on the former appeal. Under the facts stated, we do not doubt the purchaser received a good title.

Reversed and remanded.