JAMES BOWEN, complainant-respondent.

*v.*

GEORGE A. PURSEL et al., defendants-appellants,

[Submitted May 28th, 1926. Decided October 18th, 1926.]

1. Acknowledgments of the execution of a contract of sale of real estate made on Sunday are void under section one of the Vice and Immorality act (*4 Comp. Stat. p. 5712*), and cannot be ratified and given legal life by delivery of the contract on a subsequent secular day.

2. Such a contract is as if unacknowledged, and specific performance thereof cannot be had against married women owners, holding as tenants in common.

3. An answer and counter-claim, in an action for specific performance, raising questions of fact, which, if established, would preclude a decree, should not be stricken out, but the cause must go to final hearing.

On appeal from a decree in chancery advised by Vice-Chancellor Bentley, whose opinion is reported in *98 N. J. Eq. 184.*

*Mr. Osiris D. McConnel,* for the appellants.

*Mr. Edward P. Stout,* for the respondent.

The opinion of the court was delivered by

CAMPBELL, J.

The decree appealed from orders the striking out of the answer and a counter-claim to a bill of complaint praying specific performance of a contract to convey real estate and decrees specific performance of such contract.

The bill of complaint charges that appellants entered into an agreement in writing whereby they agreed to convey to the respondent a certain tract of land in the township of

Oxford, in Warren county, New Jersey, free and clear of all encumbrances, and subject only to the right or interest of Arthur Gardner, a farmer tenant and occupant whose term commenced April 1st, 1925, and would expire April 1st, 1926; that the consideration for such conveyance was fixed at $6,000, of which $600 had been paid leaving a balance of $5,400 payable upon the execution and delivery of the deed which was fixed for June 1st, 1925; and that appellants refused to perform their said contract, although respondent was ready and had at all times tendered himself ready and willing to perform upon his part.

The contract bears date April 3d, 1925, and the certificate of acknowledgment of respondent bears the same date.

The appellants who are the sellers mentioned in and who executed the contract are George A. Pursel (single), Frank A. Pursel (single), Alice P. Skinner and Arthur M. Skinner, her husband, Catherine Schmidt and John Schmidt, her husband, Elizabeth P. Armstrong and Martin V. Armstrong, her husband, and Vida E. Cook and Carl Cook, her husband, and their certificates of acknowledgment, appearing upon the contract, bear date April 6th, 1925.

By way of answer, the appellants admit the contract, but deny that the conveyance was to be free of all encumbrances except the right of Gardner as tenant, and deny that the contract was duly acknowledged by them on April 6th, 1925, and deny the validity of the agreement and the right of respondent to have specific performance thereof. They further admit that the total consideration was $6,000, of which $600 was paid on account; that the balance was payable upon the delivery of the deed, and they further admit that they refused to perform the contract and deliver the deed and that they tendered a return of the $600 paid on account and respondent refused to accept the same.

They further aver that they executed and acknowledged the said contract on Sunday, April 5th, 1925, although the certificates of acknowledgment bear date as of Monday, April 6th, 1925, and that respondent had notice of that fact on April 6th, 1925, when a copy of such agreement was delivered

to him; that the appellants, Alice P. Skinner, Catherine Schmidt, Elizabeth P. Armstrong and Vida .E. Cook, were married women on April 5th, 1925, when they acknowledged their execution of said agreement; that the respondent paid $600 under the terms of such contract on April 4th, 1925, to George A. Pursel, who had that sum on his own behalf and that of the other appellants when the contract was signed and acknowledged by them on Sunday, April 5th, 1925. And, further, that the lands in question descended to the appellants, George A. Pursel, Frank A. Pursel, Alice P. Skinner, Catherine Schmidt, Elizabeth P. Armstrong and Vida E. Cook, as tenants in common, they being the only children and heirs-at-law of Emma Pursel, who died intestate in January, 1905, seized thereof, subject to the curtesy of her husband, David F. Pursel, therein; that one of the boundaries of said lands is the Pequest creek, which borders it for about a mile, the boundary line being the center of the creek; that David F. Pursel died June 8th, 1914, and from the time of his death, George A. Pursel, one of the appellants and tenants in common in said lands with the other appellants, with the acquiescence of his co-tenants, took entire charge of said farm and two others also belonging to them as tenants in common and made leases and agreements respecting them; that he made several agreements with one Andrew J. Green, whereby he granted to him the privilege of right of fishing in that portion of Pequest creek adjoining said farm and individually and for all the other tenants in common executed and acknowledged an agreement with said Green on June 12th, 1922, whereby the exclusive right to fish said stream was granted to said Green for the term of ten years from April 1st, 1923, to April 1st, 1933, at $200 for the term, and such agreement was recorded in the Warren county clerk's office, July 3d, 1922; that $100 of the consideration for such fishing right was payable and was paid upon the execution of the agreement, the balance being payable April 1st, 1928, and upon receipt of said first payment George A. Pursel deposited the same in a bank in an account in the name of himself and Frank A. Pursel, as administra-

tors of David F. Pursel, deceased, into which account has been deposited the income from the three farms since the death of David F. Pursel and from which have been paid the taxes and other expenses and by agreement amongst the tenants in common the net balance remaining therein is to be divided among them when all three farms are sold; that in March, 1925, when respondent was negotiating for the purchase of said lands he was shown such fishing agreement and his attorney, who was present, expressed the opinion that it was not valid, but that he would examine into the matter and if he found it to be valid respondent would not want the farm, but if he found it was not valid he would send to George A. Pursel the agreement for sale and $600 on account of the purchase price; that on April 4th, 1925, George A. Pursel received a letter from respondent's attorney enclosing the agreement which had been executed by respondent on April 3d, 1925, a check for $600 and a request for and instructions as to the execution of the agreement by appellants and appellants accordingly executed the same, in duplicate, on Sunday, April 5th, 1925; that George A. Pursel made known to the other appellants the opinion of respondent's attorney that such fishing agreement was invalid, and in view thereof they, relying thereon and believing the agreement to be invalid, executed the agreement for sale and that on April 6th, 1925, a duplicate of such agreement was delivered to respondent and he was then informed that the same had been executed on Sunday, April 5th, although the acknowledgments were dated April 6th, and respondent again advised appellants that the fishing agreement was invalid.

Further, that in June, 1925, appellants sought and obtained independent legal advice as to the legality of the fishing agreement and were advised that it was legal and valid, and they charge that the contract for sale was executed by the parties under a mutual mistake of law and therefore they refused to execute and deliver the deed and on June 27th, 1925, before the commencement of respondent's action, they tendered him a return of the $600 paid and he refused to accept the same.

By way of counter-claim the appellants set up all of the foregoing matters and in addition thereto that Andrew J. Green claims the said fishing agreement to be legal and valid and as an adjudication of the matters in controversy requires a determination as to the validity of the fishing agreement, Andrew J. Green is a proper and necessary party and prays that he may be brought in and answer; that the agreement for sale be declared void and that there be an accounting by the respondent of the rents, issues and profits of said farm from the time he took possession.

The answer and counter-claim were filed August 1st, 1925, and before Green had been brought in as a party defendant notice was given, under date of August 10th, 1925, to strike out the answer and counter-claim, and upon a hearing and argument under such notice the decree appealed from, striking out the answer and counter-claim and decreeing specific performance was advised and entered.

Four grounds of appeal are urged and argued of which two only require consideration, and they are:

1. The answer discloses good grounds of defense to the bill of complaint; and

2. The counter-claim discloses a good cause of action against the respondent.

Under these grounds two questions are prominently raised, a finding, upon either one of which, in favor of appellants would require a reversal of the decree.

The first is with reference to the fishing agreement with Andrew J. Green.

We are not concerned with the nature and character of this undertaking, nor whether it is controlled by section 1 of the statute of frauds (*2 Comp. Stat. p. 2610*) or by section 5 of the same act, because whether or not it is binding upon any other of the appellants, as tenants in common with George A. Pursel, it is binding upon him, and as such is an encumbrance upon his undivided interest in the premises in question, precluding specific performance of the contract in question according to its terms. One tenant in common may convey his interest in lands so long as such

conveyance is not prejudicial to the right of his co-tenants to have a partition and such conveyance is binding upon the grantor and those holding under him. *Holcomb* v. *Coryell, 11 N. J. Eq. 548; Boston and Franklin Co.* v. *Condit and Torrey, 19 N. J. Eq. 394.*

The second matter raised is that four of the tenants in common, owners of the property covered by the contract, were married women at the time they executed the contract and it is asserted by the answer and counter-claim that they executed the contract and acknowledged their execution thereof on Sunday, April 5th, 1925, and that under section 1 of the Vice and Immorality act (*4 Comp. Stat. p. 5712*) such execution and acknowledgments are void.

Our conclusion is that, if appellants can establish the truth of these contentions the execution of the contract and the acknowledgments are void and, being so, cannot be ratified and delivery of such contract on a secular day did not give legal life to such void acts. *Reeves* v. *Butcher, 31 N. J. Law 224; Cannon* v. *Ryan, 49 N. J. Law 314; Brewster* v. *Banta, 66 N. J. Law 367.*

The contract is, therefore, as if unacknowledged by these married women and unenforceable against them in a proceeding looking to specific performance. *Wolff* v. *Meyer, 75 N. J. Law 181; Schwarz* v. *Regan, 64 N. J. Eq. 139; Goldstein* v. *Curtis, 63 N. J. Eq. 454; affirmed, 65 N. J. Eq. 382; Ten Eyck* v. *Saville, 64 N. J. Eq. 611.*

For these reasons the answer and counter-claim should not have been stricken out and the decree below is therefore reversed, with costs.

*For affirmance*—None.

*For reversal*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, WHITE, GARDNER, VAN BUSKIRK, MCGLENNON, KAYS, HETFIELD, JJ. 15.