168 So. 877

**STOCKS et al. v. INZER.**

**7 Div. 356.**

Supreme Court of Alabama.

June 11, 1936.

Miller & Miller, of Gadsden, for appellants.

Inzer, Davis & Martin, of Gadsden, for appellee.

GARDNER, Justice.

Plaintiff, as trustee, seeks to recover on two promissory notes, negotiable in character, executed by defendants, and bearing date April 18, 1931.

To secure an indebtedness of O. J. Stocks, evidenced by several judgments of record, and to gain extension of time for their payment, defendants executed a deed of trust in the nature of a mortgage to this plaintiff as trustee, with power of sale, and for the purpose of distributing the funds to the various judgment creditors therein designated. This instrument likewise bears date of April 18, 1931, and better secures the notes here sued upon.

Plaintiff was therefore made an active trustee, with the legal title to the notes vested in him (Birmingham Trust & Savings Co. v. Marx, 230 Ala. 68, 159 So. 483); and the suit properly brought in his name (sections 5699 and 5707, Code 1923).

There is no question here of a mere volunteer, as argued by appellants, citing Crompton v. Vasser, 19 Ala. 259.

The execution of the notes and the deed of trust were not by defendants denied. Indeed, the plea of the general issue was withdrawn. The objection to the introduction of these instruments was properly overruled.

The cause was in fact tried upon plea 3 to the effect that at the time of the execution of the notes plaintiff was not a trustee, and as we interpret the argument for defendants the greater stress for reversal rests upon the theory that said plea

was proven and entitled them to a favorable judgment. But the plea was not established by the proof.

Defendants rely upon the date of the notes and deed of trust (April 18, 1931), and upon the provision in the deed of trust to the effect that the trustee's acceptance shall be evidenced by notation indorsed thereon, and the further fact that such notation bears date April 28, 1931.

 The argument, however, overlooks the rule of law that an "acceptance relates back to the date of the trust instrument" (65 Corpus Juris, 314), and, in addition, is founded upon the erroneous assumption that the date of the instrument is necessarily the date of execution. The execution of these instruments involves the matter of their delivery, which is essential for their operation as contracts. Jemison v. Howell, 230 Ala. 423, 161 So. 806, 99 A. L.R. 1511. The deed of trust was prepared in plaintiff's office with his assistance, and handed defendants for execution. It was brought back and delivered to him on April 28, 1931, the date upon which the notes were also delivered. The entire transaction, therefore, appears to have become a completed contract on this date, though the instruments bear a date ten days earlier.

Defendants offered no proof, and what has been said in substance embraces the evidence upon which the case was tried. There was, therefore, no error in giving for plaintiff the affirmative charge with hypothesis, as duly requested.

We think it clearly appears from the whole record and argument for defendants that their entire defense was presented by plea 3, and their insistence that plaintiff was not a trustee, as above indicated.

 If, therefore, there was any error in sustaining demurrer to plea 2, it was rendered harmless, as in substance and effect defendants had the benefit thereof under said plea 3. But we do not intend to indicate demurrer to plea 2 was not properly sustained.

 Aside from any other criticism, the plea takes no account of the fact that these defendants are charged in the complaint with having executed these notes to plaintiff as such trustee, and the question of estoppel arising therefrom, which may properly, we think, be classified with estoppel by simple contract (21 Corpus Juris, 1110), akin to estoppel by deed (21 Corpus Juris, 1088).

In the treatment of bills and notes, the text of Corpus Juris (8 Corpus Juris, 65) considers this question under the head of "admissions," with the following statement, well supported by reason and authority: "The making of a promissory note is held to be an admission on the part of the maker of the existence of the payee and his capacity to receive the instrument." And this principle is recognized by this court in Cahall v. Citizens' Mutual Building Association, 61 Ala. 232; Marion Savings Bank v. Dunkin, 54 Ala. 471.

Plea 2 contains no denial of the execution of the notes or that the indebtedness is due, but the bare denial that plaintiff was trustee, a fact admitted by them when they executed the note to him in that capacity. The plea entirely ignores this principle of law, and the court committed no error in sustaining demurrer thereto.

We have considered the questions argued by counsel, and find no error to reverse.

Let the judgment stand affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.