PARDO *v.* CREAMER.

5-1465                                        310 S. W. 2d 218

Opinion delivered February 24, 1958.

Daggett & Daggett and Sharp & Sharp, for appellant.

John C. Sheffield, H. M. McCastlain and Fred MacDonald, for appellee.

MINOR W. MILLWEE, Associate Justice. This appeal involves the validity of an adoption order made in 1907 by the Probate Court of Monroe County, Arkansas, in which J. F. Linzey attempted to adopt Vena Vista Allen, the four-year-old daughter of his wife, Alice L. Linzey, by a former marriage. The order reads as follows:

"Order of Court

Now on this day October 21st 1907, a day of the regular October 1907 term of the Monroe Probate Court the above matter came on to be heard upon the petition of the petitioner, J. F. Lindsay,[1] seeking the adoption of the minor, Uena Vista Allen: It appearing to the court that said petition was in the manner and form as prescribed by law, and duly verified, it further appeared to the Court from the consent of the mother of said minor who appeared in open court and was examined touching said matter, that it is to the best interest of said child that she be adopted by the said J. F. Lindsay and henceforth bear the name of Buena Vista Lindsay and shall occupy the same position in the household of the said Lindsay as a natural child would occupy in the way of liability *on part* of petitioner for education maintenance, power and right to inherit and in every other wise as a natural child, and the Clerk hereof will spread upon the record this order of the Court in full."

The petition mentioned in the order was never recorded until July 1, 1957, and reads:

"To the Hon. Probate Court of Monroe county, Arkansas, Hon. R. F. Millwee, Judge thereof, presiding:

"Your petitioner, the undersigned J. F. Lindsay, would most respectfully state and show unto your honor, that he is a *bona fide* resident of Monroe county, Arkansas, that he desired to adopt to himself and to his name Buena Vista Allen, minor daughter of petitioner's wife; that the age of said child is four years; that

---

[1] Petitioner's correct name is J. F. Linzey and the child's correct name is Vena Vista Allen.

it has no property; that both its parents are living, its mother being the wife of petitioner, and its father, Alfred Allen is living at Monroe, Arkansas, the divorced husband, of petitioner's wife. Petitioner says upon his oath that said child was given to petitioner's wife upon her separation from the said Alfred Allen and that the sole purpose for which he seeks the adoption of said child is to the end that it may inherit of the estate of petitioner as his own children shall inherit and be entitled to all the rights and privileges that his own children bearing his own name enjoy or may hereafter enjoy.

"Petitioner introduces into open court his wife, the mother of said child. to the end that she may show her consent to the said adoption.

> Respectfully submitted,
> (s) Geo. F. Chaplin
> Attorney for petitioner

"I, J. F. Lindsay state upon my oath that the statements in the foregoing petition are true, to the best of my knowledge and belief.

> (s) J. F. Linzey

"Subscribed and sworn to before me on this the 1st day of Oct. 1907.

> (s) W. L. Hinton
> County Clerk"

When J. F. Linzey sought to adopt Vena Vista Allen in 1907 he was married to the child's mother by a former marriage. The child lived with her mother and stepfather until her marriage to the father of James S. Wilson and died intestate about 1918, survived by the said James S. Wilson as her sole heir. J. F. Linzey died intestate in 1929 survived by his widow, Alice L. Linzey, and by appellee, Effie W. Creamer, his only natural child. Alice L. Linzey subsequently married one McPherson and was living on the lands involved in this litigation at the time of her death testate on June 20, 1956. After a bequest of $5.00 to appellee she bequeathed

and devised the remainder of her property to James S. Wilson.

On July 6, 1956, James S. Wilson brought the instant partition suit against appellee claiming they were tenants in common of J. F. Linzey's lands by reason of the adoption of his mother by J. F. Linzey in 1907. On August 15, 1956, James S. Wilson conveyed his interest in the lands to the appellant, Valentine Pardo who was duly substituted as party plaintiff in the suit. The chancellor adopted appellee's contention that the order of adoption was, and is, void for want of jurisdiction, dismissed the complaint for want of equity and quieted appellee's title to the lands as against the claims of the appellant and James S. Wilson.

Act 28 of 1885 was the statute governing adoptions when the instant order was made in 1907. It is noted that neither the order nor the petition upon which it was based stated that the child, Vena Vista Allen, was a resident of Monroe county at the time of the filing of the petition and the making of the order. These were the identical facts in the rather controversial but landmark case of *Morris* v. *Dooley,* 59 Ark. 483, 28 S. W. 30 and 430, where the court held that a proceeding in the probate court to adopt a child under the statute is a special statutory proceeding, not according to the course of the common law, nor in the exercise of the court's general jurisdiction; and that a judgment rendered therein is void upon collateral attack if neither the judgment nor the petition states that the child was a resident of the county. The 3 to 2 decision has been followed in many subsequent cases including *Minitree* v. *Minitree,* 181 Ark. 111, 26 S. W. 2d 101, where another divided court held that the failure of the formal order of adoption to state that the child was a resident of the county constituted a jurisdictional defect which rendered it void upon collateral attack. Vigorous and eloquent dissents were written by Justice Riddick in the *Dooley* case and by Justice FRANK G. SMITH in the Minitree case.

The question arose again more recently in *Dean* v. *Brown,* 216 Ark. 761, 227 S. W. 2d 623, where this court

in a unanimous decision said in reference to the *Dooley* case: ''The correctness of the holding in that case is not open to reconsideration by us at this time. There are many cases of this Court which hold to be void orders of adoption similar to the one at bar when the order failed to recite the residence of the minor. The case of *Morris* v. *Dooley* is directly in point, and we decline to overrule it; so we hold that the purported order of adoption made by the Garland Probate Court in 1911 is void on this collateral attack, because neither the order, nor the petition, showed that the minor, Nettie Bond, was a resident of Garland County, Arkansas, at the time the order was made.'' See also, *Brunk* v. *Merchants National Bank, Executor,* 217 Ark. 499, 230 S. W. 2d 932.

Appellant earnestly contends: (1) That appellee, being in privy with J. F. Linzey, the adopting parent in the 1907 proceedings, is bound by and now estopped to attack the order; (2) that in granting the order a presumption arose as to the existence of the jurisdiction of the Probate Court concerning its validity; and (3) that the adoption statutes should be most liberally construed in favor of the adopted child and so as to preclude a holding in favor of appellee. These propositions were ably urged by the dissenting justices but rejected by the majority in the DOOLEY and MINITREE cases. We still decline to overrule those cases, and conclude that the 1907 adoption order is void for lack of jurisdiction. Since title to the lands in question vested in appellee upon the death of J. F. Linzey in 1929, subject to the widow's life estate, appellant is entitled to no relief under the curative provisions of Act 408 of 1947. *Dean* v. *Brown, supra.*

Appellant also contends that the petition for adoption and its recordation constituted a declaration of heirship by J. F. Linzey in favor of Vena Vista Allen so as to make her one of his heirs at law under Ark. Stats. Secs. 61-301 and 61-302.[2] It first should be noted

---

[2] "Sec. 61-301. *Declaration*—Acknowledgment.—In all cases hereafter, when any person may desire to make a person or persons his or her heirs at law, it shall be lawful to [do] so by a declaration in writing in favor of such person or persons, to be acknowledged before any

that the petition was not recorded as required by the second section of the statute until many years after title to the lands in question had already vested in appellee. J. F. Linzey did not execute or sign the petition nor did he acknowledge that he had done so, but only executed a jurat verifying the instrument. An acknowledgment is a formal declaration or admission before an authorized public officer by a person who has executed an instrument that such instrument is his act and deed. It is distinguished from a jurat in that a jurat is a simple statement that an instrument is subscribed and sworn to or affirmed before a proper officer without the further statement that it is the act or deed of the person making it. 1 C. J. S., Acknowledgments, Sec. 1.; *Jemison* v. *Howell,* 230 Ala. 423, 161 So. 806, and other cases cited in Vol. 1, Words & Phrases, 620. Nor can the curative provisions of Ark. Stats., Sec. 49-213, designed to cure defective acknowledgments be held to supply an acknowledgment when in fact there is none. *Jackson* v. *Hudspeth,* 208 Ark. 55, 184 S. W. 2d 906.

J. F. Linzey was not merely seeking to declare the child his heir in the instant proceeding. His clear intent was to declare her an heir provided he could adopt her as his own child, but this attempt failed for the reasons already stated. Under the circumstances we cannot agree there has been sufficient compliance with the statute in question to make the child one of his heirs at law.

The decree is affirmed.

---

judge, justice of the peace, clerk of any court, or before any court of record in this State."

"Sec. 61-302. *Recording of declaration.*—Before said declaration shall be of any force or effect, it shall be recorded in the county where the said declarant may reside, or in the county where the person in whose favor such declaration is made, may reside."