

# ARKANSAS COURT OF APPEALS

DIVISION I
**No.** CV-16-162

| | |
|---|---|
| | **Opinion Delivered** November 30, 2016 |
| LYLE FARMS PARTNERSHIP ET AL. <br> APPELLANTS | APPEAL FROM THE JACKSON COUNTY CIRCUIT COURT [NO. 34CV-14-29] |
| V. | |
| CHARLOTTE LYLE <br> APPELLEE | HONORABLE KEVIN KING, JUDGE |
| | AFFIRMED |

### WAYMOND M. BROWN, Judge

Appellants Lyle Farms Partnership; Katherine Lyle Harbison, individually; Katherine Lyle Harbison, as the personal representative of the estate of Ann Lyle; and Katherine Lyle Harbison, as the personal representative under the unprobated will of James Waller Lyle appeal from the Jackson County Circuit Court's order granting summary judgment in favor of appellee Charlotte Lyle in Charlotte's suit for declaratory judgment. On appeal, appellants argue that the trial court erred by granting summary judgment on the basis that the prenuptial agreement signed by Charlotte and James was not properly acknowledged. We affirm.

Charlotte and James Lyle were married on July 22, 2003, and they each signed the prenuptial agreement at issue here on that same day. The agreement was notarized and signed by Jerry Carlew. The language preceding Carlew's signature stated, "This document was signed before my [sic] on July 22nd, 2003." Carlew's notary seal was attached showing that

he was commissioned in Jackson County and that it had an expiration date of March 18, 2013. James subsequently died,[1] and his sister, Katherine, was named as the personal representative of his unprobated will.

In a pleading filed on February 2, 2014, Katherine alleged that Charlotte had contractually signed away her rights to James's estate in the prenuptial agreement. Charlotte filed a complaint for declaratory judgment on March 10, 2014, seeking to have the agreement declared void and unenforceable based on four theories: (1) it was not acknowledged, (2) it was unconscionable, (3) it was not properly drafted in accordance with Arkansas law, and (4) it was coercive and fraudulent. Appellants filed an answer on April 21, 2014.[2] Charlotte filed a motion for summary judgment and an accompanying brief on June 29, 2015. Appellants filed a response and an accompanying brief on July 13, 2015, asking that Charlotte's motion be denied and claiming that she should be estopped from having the prenuptial agreement declared void and unenforceable. Appellants also claimed that any defects in the acknowledgment were cured by the provisions of Arkansas Code Annotated section 18-12-208. The court entered an order on December 30, 2015, granting Charlotte summary judgment. In the order, the court stated that the prenuptial agreement did not meet the

---

[1]There is nothing in the record to show when he died.

[2]There was also a motion to transfer and a motion to disqualify counsel included with the answer. In a separate hearing, counsel voluntarily withdrew his representation of appellee and an order was filed on October 1, 2015, reflecting that due to the withdrawal, appellant's motion to disqualify counsel was moot.

requirements of Arkansas Code Annotated section 9-11-402.[3]    The court found that the prenuptial agreement "was not legally acknowledged and as such must be declared invalid. The notary only certified that he saw the parties sign the document." According to the court, an acknowledgment is "not just proof that they executed the document," but rather the whole purpose of an acknowledgment "is to impress upon the parties to a document the significance of the document being signed . . . the parties declare they are aware of the importance of the document" and they "realize their execution of the document reflects their own act or deed." Appellants filed a timely notice of appeal on January 6, 2016. This appeal followed.

A motion for summary judgment should be granted only when, in light of the pleadings and other documents before the circuit court, there is no genuine issue of material fact, and the moving party is entitled to a judgment as a matter of law.[4]  The burden of sustaining a motion for summary judgment is always the responsibility of the moving party.[5] When reviewing whether a motion for summary judgment should have been granted, the appellate court determines whether the evidentiary items presented by the moving party in support of the motion left a material question of fact unanswered.[6]  Once the moving party has established prima facie entitlement to summary judgment by affidavits, depositions, or

---

[3]This statute   requires premarital agreements to be in writing and signed and acknowledged by both parties.

[4]Ark. R. Civ. P. 56(c).

[5]*New Maumelle Harbor v. Rochelle*, 338 Ark. 43, 991 S.W.2d 552 (1999).

[6]*Bomar v. Moser*, 369 Ark. 123, 127, 251 S.W.3d 234, 239 (2007).

other supporting documents, the opposing party must meet proof with proof and demonstrate the existence of a material issue of fact.[7] This court views the evidence in the light most favorable to the party against whom the motion was filed, resolving all doubts and inferences against the moving party.[8] This court also evaluates whether reasonable minds could differ in their interpretation of the facts.[9]

Looking at the prenuptial agreement, it is clear that the requirements of section 9-11-402 were not met because the parties did not include an acknowledgment. Appellants argue that since the parties included the word "acknowledge" in the body of the agreement itself, and because the notary signed and affixed his seal, this should satisfy the acknowledgment requirement of the statute.[10] However, this argument is without merit. Our supreme court has long held that an acknowledgment is a formal declaration or admission before an authorized public officer by a person who has executed an instrument that such instrument is his act and deed.[11] It is distinguished from a jurat in that a jurat is a simple statement that

---

[7]*Id.*

[8]*Meadors v. Still*, 344 Ark. 307, 40 S.W.3d 294 (2001).

[9]*Thomas v. Stewart*, 347 Ark. 33, 60 S.W.3d 415 (2001).

[10]Appellants cite to statutes concerning the role of a notary public as well as what constitutes unlawful acts by a notary. However, those statutes are not material to the issues before us.

[11]*Pardo v. Creamer*, 228 Ark. 746, 301 S.W.2d 218 (1958).

an instrument is subscribed and sworn to or affirmed before a proper officer without the further statement that it is the act or deed of the person making it.[12]

Appellants also contend that any defects in the acknowledgment can be cured by the curative provisions of section 18-20-208. However, this argument is also without merit. Here, there was no acknowledgment, defective or otherwise. Therefore, the curative provisions of the statute cannot be held to supply an acknowledgment when, in fact, there is none.[13]

Finally, appellants argue that appellee should be equitably estopped from claiming that the prenuptial agreement is void and unenforceable, because she entered into the agreement and accepted the benefits of the marriage until James's death; and now she seeks to "renege on her promise . . . and receive benefits which she previously agreed she would not ever seek." The court rejected this defense in the order, stating that the "fact that the parties acted under the assumption for several years that the prenuptial agreement was valid does not correct the requirement of the statute that the agreement must be properly and legally acknowledged." We hold that the trial court correctly rejected appellants' defense of estoppel and properly granted Charlotte summary judgment.

Affirmed.

ABRAMSON and VAUGHT, JJ., agree.

*Ogles Law Firm, P.A.*, by: *John Ogles*, for appellants.
*Dick Jarboe*, for appellee.

---

[12]*Id.*

[13]*Pardo, supra.*